KAROW, Petitioner-Respondent, v. MILWAUKEE COUNTY
CIVIL SERVICE COMMISSION, and another, Appellants.

*No. 75–839. Submitted on briefs January 5, 1978.—
Decided March 7, 1978.*
(Also reported in 263 N.W.2d 214.)

For appellants the cause was submitted on the brief of *Robert P. Russell*, corporation counsel, and *Patrick J. Foster*, assistant corporation counsel.

For respondent the cause was submitted on the brief of *Peter J. Karow* and *Gimbel, Gimbel & Reilly* of Milwaukee.

ABRAHAMSON, J. This issue is whether the statutory time period within which a disciplinary hearing on charges against a county civil service employee is to be set is mandatory or directory.

Peter Karow held a classified service position, deputy sheriff, in Milwaukee County for nine and a half years. On February 11, 1976, Milwaukee County Sheriff Michael Wolke filed a complaint against Karow with

the Milwaukee County Civil Service Commission pursuant to sec. 63.10(1), Stats.[1] On the date the charges were filed, Karow was suspended without pay.

A hearing before the Civil Service Commission on the charges was scheduled for March 1, 1976. The assistant corporation counsel assigned to represent the County at the hearing became ill, and a substitution of counsel was made. On February 26, 1976, the new assistant corporation counsel requested that the Com-

[1] Sec. 63.10(1), Stats. provides as follows:

"Demotion; dismissal; procedure. (1) Whenever a person possessing appointing power in the county, the chief executive officer of a department, board or institution, the county park commission, county election commission, civil service commission, and county board of welfare as to officers and employes under their respective jurisdictions, believes that an officer or employe in the classified service in his or its department has acted in such a manner as to show him to be incompetent to perform his duties or to have merited demotion or dismissal, he or it shall report in writing to the civil service commission setting forth specifically his complaint, and may suspend the officer or employe at the time such complaint is filed. It is the duty of the chief examiner to file charges against any officer or employe in the classified service upon receipt of evidence showing cause for demotion or discharge of such officer or employe in cases where a department head or appointing authority neglects or refuses to file such charges. Charges may be filed by any citizen against an officer or employe in the classified service where in the judgment of the commission the facts alleged under oath by such citizen and supported by affidavit of one or more witnesses would if charged and established amount to cause for the discharge of such officer or employe. The commission shall forthwith notify the accused officer or employe of the filing of such charges and on request provide him with a copy of the same. Nothing in this subsection shall limit the power of the department head to suspend a subordinate for a reasonable period not exceeding 10 days. In case an employe is again suspended within 6 months for any period whatever, the employe so suspended shall have the right of hearing by the commission on the second suspension or any subsequent suspension within said period the same as herein provided for in demotion or dismissal proceedings."

mission postpone the hearing because he had not had time to prepare the case. Karow's attorney objected to any delay, noting that Karow was suspended without pay pending the hearing and that certain key witnesses had arranged to be present at the March 1 hearing. Despite Karow's objections, the hearing was postponed until March 29, 1976.

On March 11, 1976, Karow petitioned the circuit court for a writ of mandamus directing the Sheriff and Commission to dismiss the charges against him and to reinstate him.[2] Karow asserted that sec. 63.10(2), Stats., requires the Commission to hold the hearing within three weeks of the date charges were filed against him. Because it had not done so, Karow claimed a right to reinstatement.

Sec. 63.10(2), Stats., provides:

"The commission shall appoint a time and place for the hearing of said charges, the time to be within 3 weeks after the filing of the same, and notify the person possessing the appointing power and the accused of the time and place of such hearing. At the termination of the hearing the commission shall determine whether or not the charge is well founded and shall take such action by way of suspension, demotion, discharge or reinstatement, as it may deem requisite and proper under the circumstances and as its rules may provide. The decision of the commission shall be final. Neither the person possessing the appointing power nor the accused shall have the right to be represented by

[2] Mandamus may be used to compel a public officer to perform a duty when the officer is bound by law to perform it. *Eisenberg v. ILHR Department,* 59 Wis.2d 98, 107, 207 N.W.2d 874 (1973); *State ex rel. Racine County v. Schmidt,* 7 Wis.2d 528, 539, 97 N.W.2d 493 (1959). The Commission and Sheriff had a statutory duty to proceed against an employee. Sec. 63.10(1), Stats. Their concomitant duty under sec. 63.10(1), Stats., as explained more fully in the text, was to drop the charges and to reinstate the employee if a hearing was not held within the statutory time limit.

counsel at said hearing, but the commission may in its discretion permit the accused to be represented by counsel and may request the presence of an assistant district attorney to act with the commission in an advisory capacity."

The trial court issued an alternative writ of mandamus March 15, 1976. A return to the writ was made and a hearing was held March 19, 1976. On March 29, 1976, the writ issued, ordering that the charges against Karow be dismissed without prejudice, that he be reinstated to his position as Deputy Sheriff I in the Milwaukee County Sheriff's Department, and that he receive all benefits attendant to said position retroactive from that date to February 11, 1976. It is from this order that appeal is taken. We affirm the order of the trial court.

The Milwaukee County Civil Service Commission regards the three-week time limit on holding the hearing as merely directory. Pursuant to its rule-making power under sec. 63.02(1), Stats.,[3] the Commission has promulgated a rule which provides that a hearing will be held within three weeks after filing of the charges, "unless further time be granted by the commission for cause shown, either upon the application of the complainant, the employee or his attorney before the expiration of said three weeks." Rule VII, Section 3, Civil Service Rules, County of Milwaukee.[4]

---

[3] "Such commissioners, as soon as possible after their appointment and qualification, shall prepare and adopt such rules and regulations to carry out the provisions of ss. 63.01 to 63.16, inclusive, as in their judgment shall be adapted to secure the best service for the county in each department affected by said sections, and as shall tend to promote expedition and speed the elimination of all unnecessary formalities in making appointments. Such rules shall be printed and distributed in such manner as reasonably to inform the public of the county as to their purpose, and shall take effect 10 days after they are published." Sec. 63.02(1), Stats.

[4] The County asserts that the Commission has had a rule similar to Rule VII, Section 3 since at least 1943.

The County correctly argues that "the construction and interpretation of a statute adopted by the administrative agency charged with the duty of applying the law is entitled to great weight." *Cook v. Industrial Comm'n,* 31 Wis.2d 232, 240, 142 N.W.2d 827 (1966). *See also State ex rel. Dela Hunt v. Ward,* 26 Wis.2d 345, 350, 132 N.W.2d 523 (1965). Nevertheless we have repeatedly said that the construction of a statute is a question of law, and this court is not bound by the interpretation given the statute by an administrative agency. *Milwaukee Co. v. ILHR Dept.,* 80 Wis.2d 445, 455, 259 N.W.2d 118 (1977). An administrative interpretation is not conclusive, and indeed it cannot stand if "it is plainly erroneous or inconsistent" with legislative intent. *State ex rel. Irany v. Milwaukee County C.S. Comm'n,* 18 Wis.2d 132, 136, 118 N.W.2d 137 (1962).[5]

The relevant statutory language provides that the Commission "shall appoint a time and place for the hearing of said charges, the time to be within 3 weeks after filing of the same . . . ." The general rule is that the word "shall" is presumed mandatory when it appears in a statute. *Scanlon v. Menasha,* 16 Wis.2d 437, 443, 114 N.W.2d 791 (1962). The legislature used the words "shall" and "may" in sec. 63.10 (2), Stats. Sec. 63.10 (2) provides: The Commission *shall* set a time and place for hearing; it *shall* determine whether the charge is well founded; it *shall* take such action as it deems requisite; the Commission's decision *shall* be final; and no party *shall* have the right to be represented by

---

[5] "Every administrative agency must conform precisely to the statutes from which it derives power." *Mid-Plains Telephone, Inc. v. Public Service Commission,* 56 Wis.2d 780, 786, 202 N.W.2d 907 (1973). *See also State ex rel. Baranowski v. Koszewski,* 251 Wis. 383, 386, 387, 29 N.W.2d 764 (1947).

counsel. The Commission *may* permit the accused to have counsel and *may* request an assistant district attorney to advise the Commission. When the words "shall" and "may" are used in the same section of a statute, one can infer that the legislature was aware of the different denotations and intended the words to have their precise meanings. *Armes v. Kenosha County,* 81 Wis.2d 309, 260 N.W.2d 515 (1977); *Scanlon, supra* at 443; 2A Sands, Sutherland, *Statutory Construction,* sec. 57.11 (1973).

However, the word "shall" can be construed as directory if necessary to carry out the legislature's clear intent. *Wauwatosa v. Milwaukee County,* 22 Wis.2d 184, 191, 125 N.W.2d 386 (1963). Statutes setting time limits on various activities have often been held to be directory despite the use of the mandatory "shall," where such a construction is intended by the legislature.[6] This court has stated that "a statute prescribing the time within which public officers are required to perform an official act is merely directory, unless it denies the exercise of power after such time, or the nature of the act, or the statutory language, shows that the time was intended to be a limitation." *State v. Industrial Comm'n,* 233 Wis. 461, 466, 289 N.W. 769 (1940).

Sec. 63.10(2), Stats., does not explicitly prohibit the holding of a hearing beyond the three-week period. Nor does it provide a penalty for not holding a hearing within the time limit stated. The legislature's failure to state the consequences of noncompliance with the established time limit lends support for construing the statute as

---

[6] *Merkley v. Schramm,* 31 Wis.2d 134, 138, 142 N.W.2d 173 (1966); *Kamuchey v. Trzesniewski,* 8 Wis.2d 94, 100, 98 N.W.2d 403 (1959); *Galewski v. Noe,* 266 Wis. 7, 16, 62 N.W.2d 703 (1954); *State ex rel. Johnson v. Nye,* 148 Wis. 659, 669, 135 N.W. 126 (1912); *Application of Clark,* 135 Wis. 437, 444–45, 115 N.W. 387 (1908).

directory. *State v. Industrial Comm'n, supra,* 233 Wis. at 466.

However, the omission of a prohibition or a penalty is only one factor to be considered in the analysis of whether the legislature intended the provision to be mandatory or directory. *Sands, supra* at sec. 57.07. Other factors to be considered are the consequences resulting from one construction or the other, the nature of the statute, "the evil to be remedied, and the general object sought to be accomplished" by the legislature. *Worachek v. Stephenson Town School Dist.,* 270 Wis. 116, 120, 70 N.W.2d 657 (1955). *See also State ex rel. Werlein v. Elamore,* 33 Wis.2d 288, 293, 147 N.W.2d 252 (1967) ; *Muskego-Norway C.S.J.S.D. No. 9 v. WERB,* 32 Wis.2d 478, 145 N.W.2d 680 (1966).

We have said that a time limit may be construed as directory when allowing something to be done after the time prescribed would not result in an injury. *Appleton v. Outagamie County,* 197 Wis. 4, 9, 220 N.W. 393 (1928).[7] But where the failure to act within the statutory time limit does work an injury or wrong, this court has construed the time limit as mandatory. In *State v. Rosen,* 72 Wis.2d 200, 240 N.W.2d 168 (1976), we held that the statutory time limit for holding a hearing on the forfeiture of a car under the Uniform Controlled Substances Act was mandatory; the car owner's legitimate interest in having use of the car is jeopardized

---

[7] "[W]here there is no substantial reason why the thing to be done might not as well be done after the time prescribed as before—no presumption that by allowing it to be so done, it may work an injury or wrong—nothing in the act itself, or in other acts relating to the same subject matter, indicating that the legislature did not intend that it should rather be done, after the time prescribed, than not to be done at all; there the courts assume that the intent was, that if not done within the time prescribed, it might be done afterwards." *State ex rel. Cothren v. Lean,* 9 Wis. 254 (*279), 266 (*292) (1859).

unless there is strict compliance with the statutory procedure for the time of the hearing. Construing the time provision as mandatory did not impede the legislature's objective of protecting the public from drug traffic.

To construe sec. 63.10(2), Stats., we must ascertain the consequences of holding that the time period is directory, and we must determine whether these consequences comport with the legislative purposes.

As a result of the charges and suspension Karow is not working and is not being paid. Any delay in the hearing continues Karow in this status and thus works an injury on him.

The county civil service statute reflects the legislature's balance of the interests of the public and those of individual county employees. The public has a legitimate interest in not being burdened with inefficient or otherwise undesirable employees. That interest is adequately protected by the statutory procedure for disciplining an employee, particularly the provision which permits suspension of the employee between the time when charges are filed and the hearing. *See* sec. 63.10(1), Stats. At the same time there is a public interest—which is shared by the employee—in the employee not being wrongly deprived of his or her livelihood and not suffering injury to reputation on the basis of charges which might prove unfounded. This interest can be protected only by holding a hearing promptly.

In view of the language of the statute, the consequences of delaying the hearing, and the objectives sought to be accomplished by the legislature, we conclude that the time for hearing set forth in sec. 63.10 (2), Stats., is mandatory. The statute requires the Commission to appoint a time for the hearing of charges and requires that the time designated for the hearing be within three weeks after the filing of the charges.

*By the Court.*—Order affirmed.