Robert C. EBY, Plaintiff-Appellant,

v.

J.P. KOZAREK, M.D., and Madison Radiologists,
S.C., Defendants-Respondents.†

Court of Appeals

*No. 88–0930. Submitted on briefs August 9, 1988.—Decided
October 26, 1988.*

(Also reported in 432 N.W.2d 678.)

† Petition to review granted. BABLITCH, J., took no part.

For the plaintiff-appellant the cause was submitted on the briefs of *Raymond E. Schrank, II*, and *Schrank Law Offices*, of Madison.

For the defendants-respondents the cause was submitted on the brief of *Curtis C. Swanson* and *Edith F. Merila* and *Axley Brynelson*, of Madison.

Brief of amicus curiae was filed by *D. J. Weis* and *Johnson, Weis, Paulson & Priebe, S.C.*, of Rhinelander on behalf of *The Wisconsin Academy of Trial Lawyers*.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.   On this appeal under the medical malpractice mediation system, ch. 655, subchapter VI, sec. 655.42 to 655.61, Stats., we decide that failure of a claimant to file a request for mediation within fifteen days after the date of filing an action in court, does not deprive the trial court of its competency to exercise its jurisdiction to proceed with the action. We therefore reverse the order granting the defendants' motion for summary judgment.

## I.

## BACKGROUND

On September 21, 1987 Robert C. Eby filed a summons and complaint in the circuit court for Dane County alleging that J.P. Kozarek, M.D., and Madison Radiologists, S.C., were negligent in treating him. Eby filed a request for mediation with the director of state courts on October 21, 1987, thirty days after filing the summons and complaint.

It is undisputed that Eby served the summons and complaint on the defendants within sixty days of filing them with the clerk of court.

The trial court held that Eby's failure to request mediation within fifteen days after the date of filing his action, deprived the court of jurisdiction to proceed with the action.

## II.

## APPLICABLE STATUTES

Section 655.44, Stats., provides:

(1) Beginning September 1, 1986, any person listed in s. 655.007 having a claim or derivative claim under this chapter for bodily injury or death because of a tort or breach of contract based on professional services rendered or that should have been rendered by a health care provider may file a request for mediation and shall pay the fee under s. 655.54.

. . . .

(5) Except as provided in s. 655.445, no court action may be commenced unless a request for mediation has been filed under this section and

until the expiration of the mediation period under s. 655.465(7).

Section 655.445, Stats., provides:

(1) Beginning September 1, 1986, any person listed in s. 655.007 having a claim or derivative claim under this chapter for bodily injury or death because of a tort or breach of contract based on professional services rendered or that should have been rendered by a health care provider shall, within 15 days after the date of filing an action in court, file a request for mediation. ...

. . . .

(3) For actions filed under sub. (1), no discovery may be made and no trial, pretrial conference or scheduling conference may be held until the expiration of the mediation period under s. 655.465(7).

Section 655.465(7), Stats., provides:

The period for mediation shall expire 90 days after the director receives a request for mediation if delivered in person or within 93 days after the date of mailing of the request to the director if sent by registered mail, or within a longer period agreed to by the claimant and all respondents and specified by them in writing for purposes of applying ss. 655.44(4) and (5) and 655.445(3).

Section 655.007, Stats., provides:

On and after July 24, 1975, any patient or the patient's representative having a claim or any spouse, parent or child of the patient having a derivative claim for injury or death on account of malpractice is subject to this chapter.

## III.

## TRIAL COURT'S DECISION

The trial court reasoned that because mediation is a prerequisite to commencing an action under sec. 655.44, Stats., and the language of sec. 655.445(1) is mandatory, Eby's failure to file a request for mediation within fifteen days after filing his action in court, deprived the court of jurisdiction.

The court pointed out that in *Kasbaum v. Lucia,* 127 Wis. 2d 15, 22, 377 N.W.2d 183, 186 (Ct. App. 1985), we had held that no court action could be maintained under sec. 655.04(1)(b), Stats. (1983–84), until the matter had been reviewed by a patient's compensation panel.

## IV.

## DISCUSSION

We conclude that *Kasbaum* is inapposite because the mediation system provided under ch. 655, subch. VI, Stats., permits the filing of an action before mediation. The question is whether the trial court lost competency to exercise its jurisdiction over the action filed under sec. 655.445(1), Stats., because a request for mediation was not filed within fifteen days of the date the action was filed.

Section 655.445(1), Stats., provides that any claimant under ch. 655 "shall," within fifteen days after the date of filing an action in court, file a request for mediation. The general rule is that the word "shall" in a statute setting a time limit is presumed to be mandatory. *Karow v. Milwaukee County Civil Serv.*

*Comm.,* 82 Wis. 2d 565, 570, 263 N.W.2d 214, 217 (1978).

The factors to be considered in whether the word "shall" in a statute prescribing the time within which an act is to be done is mandatory or directory include: (1) the legislature's failure to state the consequences of noncompliance with the time limit; (2) the consequences resulting from one construction or the other; (3) the nature of the statute; and (4) "the evil to be remedied, and the general object sought to be accomplished" by the legislature. *Karow,* 82 Wis. 2d at 571–72, 263 N.W.2d at 217 (quoting *Worachek v. Stephenson Town School Dist.,* 270 Wis. 116, 120, 70 N.W.2d 657, 659 (1955)).

The legislature has, in a sense, stated the consequences of failure to file the request for mediation within fifteen days after the date of filing an action in court. Under sec. 655.445(3), Stats., discovery, trial, pretrial and scheduling will be postponed until the mediation period under sec. 655.465(7) expires. Thus, the failure to file for mediation will postpone the plaintiff's opportunity for relief for whatever period of time the plaintiff delays filing the mediation request.

The adverse consequence of construing the filing request as directory is that a claimant may commence an action and delay filing a request for mediation for an extended period of time. The defendant's and the public's interest in the prompt resolution of medical malpractice claims is adversely affected by a construction of the filing requirement as directory. Balanced against that adverse consequence, is the inadvertent loss of a claim with merit because of failure to timely file a request for mediation. The adverse consequence of a directory construction, however, can be ameliorat-

ed by the trial court's exercise of its inherent powers to control the judicial business before it. *See Jacobson v. Avestruz,* 81 Wis. 2d 240, 246, 260 N.W.2d 267, 269 (1977) (constitutional courts, by virtue of their existence, enjoy inherent powers to control their business).

We see nothing in the nature of the statute which suggests a mandatory construction. When secs. 655.44 and 655.445, Stats., are considered together we discern a legislative intent to insure mediation before litigation. A construction of the filing requirement as directory does not negate this legislative intent.

Finally, when the evil to be remedied, and the general object sought to be accomplished by the legislature in enacting subchapter VI, Stats., are considered, it is plain that a mandatory construction of the filing requirement does not correct the evil sought to be remedied by the legislature or further the general object sought to be accomplished. A mandatory construction could mean that claims of merit could be lost.

■The Wisconsin Supreme Court has said that a time limit may be construed as directory when allowing something to be done after the time prescribed would not result in injury. *Karow,* 82 Wis. 2d at 572, 263 N.W.2d at 217. In *Karow* the court quoted an early decision as follows:

> [W]here there is no substantial reason why the thing to be done might not as well be done after the time prescribed as before—no presumption that by allowing it to be so done, it may work an injury or wrong—nothing in the act itself, or in other acts relating to the same subject matter, indicating that the legislature did not intend that it should rather

238

> be done, after the time prescribed, than not to be done at all; there the courts assume that the intent was, that if not done within the time prescribed, it might be done afterwards.

*State ex rel. Cothren v. Lean,* 9 Wis. 254 (*279), 266 (*292) (1859), quoted in *Karow,* 82 Wis. 2d at 572 n. 7, 263 N.W.2d at 217–18.

The legislative purpose in enacting subchapter VI, Stats., was to resolve medical malpractice disputes through mediation, without litigation. Sec. 655.42(1), Stats. If mediation must be completed before an action can proceed, the legislative objective is preserved. Thus, there is no substantial reason why mediation might not as well be done after the time prescribed as before.

In balancing these various factors, we are particularly impressed that the legislature eliminated the requirement of sec. 655.04(1)(b), Stats. (1983–84), that no action could be commenced until an order had been made by a patient's compensation panel. The legislature chose to provide claimants with more flexible procedures. It is inconsistent with that intent to construe the mediation request filing requirement as jurisdictional when a claimant commences an action under sec. 655.445(1), Stats.

Because we conclude that the mediation request filing requirement does not affect the trial court's competency to exercise its jurisdiction we need not address Eby's other claims.

*By the Court.*—Order reversed.