Eileen M. GAUGER, and William F. Gauger,
Plaintiffs-Appellants,

v.

C.E. MUELLER, M.D., J.H. Kelertas, M.D.,
Boscobel Clinic, Memorial Hospital of Boscobel,
Richard Roe Insurance Company, a fictitiously
named defendant, and XXX Reinsurance
Company, a fictitiously named defendant,
Defendants-Respondents.

Court of Appeals

*No. 88-0939. Submitted on briefs February 6, 1989.—Decided
March 28, 1989.*

(Also reported in 439 N.W.2d 637.)

For the appellants the cause was submitted on the briefs of *Thomas H. Strakeljahn* and *Heilprin & Strakeljahn, S.C.* of Lancaster.

For the respondent the cause was submitted on the brief of *Bradway A. Liddle, Jr., Catherine M. Rottier,* and *Boardman, Suhr, Curry & Field* of Madison, and *Jonathan A. Menn* and *Menn, Nelson, Sharratt, Teetaert & Beisenstein, Ltd* of Appleton.

Before Gartzke, P.J., Dykman and Eich, JJ.

DYKMAN, J. Eileen and William Gauger appeal from a judgment dismissing their claims against Drs. C.E. Mueller and J.H. Kelertas, Boscobel Clinic, Memorial Hospital of Boscobel, and their respective insurers. The Gaugers had moved the court for an order extending the sec. 655.465(7), Stats., ninety-day time period to allow them to participate in ch. 655 mediation. The trial court denied the motion, concluding that the Gaugers' failure to participate in a mediation session within the statutory time period deprived the court of competency to exercise its jurisdiction, requiring dismissal of their claims. The dispositive issue is whether the sec. 655.465(7) time period is mandatory or directory. Because we conclude it is directory, we reverse and remand for further proceedings.

On March 31, 1987, the Gaugers commenced an action against the defendants for medical malpractice by filing a summons and complaint and a request for mediation under sec. 655.445, Stats. Pursuant to sec. 655.465(1), the mediation director sent all parties a notice of a June 16, 1987 mediation session. The Gaugers' attorney was unable to be present due to a schedule conflict, and requested a continuance. The mediation director wrote to all attorneys, and suggested that the Gaugers' attorney contact opposing counsel to reschedule mediation. The sec. 655.465(7) ninety-day time period for mediation expired at the end of June, 1987, without the parties mediating or agreeing to extend the mediation period.

On January 26, 1988, the Gaugers' attorney wrote to the mediation director and to opposing counsel requesting rescheduling of the mediation session, with various suggested dates and requesting the other parties to suggest convenient dates. On March 1, 1988, the Gaugers moved for an order extending the sec.

655.465(7), Stats., time period to permit a mediation session to be held. The trial court denied the Gaugers' motion, concluding that their failure to participate in mediation within the sec. 655.465(7) time period deprived the court of competency to exercise its jurisdiction, requiring dismissal of their claims.

Both parties agree that participation in ch. 655, Stats., mediation is mandatory before the Gaugers may further prosecute their action in circuit court. We have recently concluded that the legislature intended this result. *Eby v. Kozarek,* 147 Wis. 2d 232, 239, 432 N.W.2d 678, 681 (Ct. App. 1988). Here, the parties dispute whether the sec. 655.465(7) time period is mandatory or directory. This is a question of statutory interpretation which we review de novo. *E.S. v. Seitz,* 141 Wis. 2d 180, 184, 413 N.W.2d 670, 672 (Ct. App. 1987).

In construing a statute, our purpose is to ascertain and give effect to the legislature's intent. *Dieckhoff v. Severson,* 145 Wis. 2d 180, 189, 426 N.W.2d 71, 73 (Ct. App. 1988). We first examine the statutory language. *Id.* If unambiguous, our duty is to give that language its ordinary meaning. *Id.* at 190, 426 N.W.2d at 73. We must also consider sections related to the statute being examined. *Id.* We are to presume that the legislature carefully chose its terms to express its meaning. *State v. McKenzie,* 139 Wis. 2d 171, 177, 407 N.W.2d 274, 277 (Ct. App. 1987). We usually consider the legislature's use of "shall" as mandatory. *Id.* at 176, 407 N.W.2d at 276-77. However, the supreme court has said that "shall" may be construed as directory if necessary to effect the legislature's clear intent. *Karow v. Milwaukee County Civil Serv. Comm.,* 82 Wis. 2d 565, 571, 263 N.W.2d 214, 217 (1978).

Section 655.43, Stats., provides: "The claimant and all respondents named in a request for mediation filed under s. 655.44 or s. 655.445 shall participate in mediation under this subchapter." Section 655.465(1) provides in part: "The [mediation] director may change the date ... of the mediation session as necessary to accommodate the parties, subject to the requirement that the mediation session be held before the expiration of the mediation period under sub. (7)." Section 655.465(7) provides: "The period for mediation shall expire 90 days after the director receives a request for mediation ... or within a longer period agreed to by the claimant and all other respondents and specified by them in writing ...."

The Gaugers argue that the sec. 655.465(7), Stats., time period is directory because the statute fails to provide a penalty for those who violate the time period. The defendants argue that the time limit is mandatory because the statutory language of secs. 655.43 and 655.465(1) and (7) demonstrates "a clear intent on the part of the legislature to make timely participation in mediation mandatory."

In deciding whether the word "shall" in sec. 655.465(7), Stats., is mandatory or directory, the factors we consider include: "(1) the legislature's failure to state the consequences of noncompliance with the time limit; (2) the consequences resulting from one construction or the other; (3) the nature of the statute; and (4) 'the evil to be remedied, and the general object sought to be accomplished' by the legislature." *Eby*, 147 Wis. 2d at 237, 432 N.W.2d at 680.

The fact that the legislature has not stated the consequences of violating the sec. 655.465(7), Stats., time period supports a directory construction. *Karow*,

82 Wis. 2d at 571–72, 263 N.W.2d at 217. The adverse consequences of construing the sec. 655.465(7) time period as directory is that a claimant may request mediation, have it scheduled, seek a continuance, and then never reschedule the mediation hearing, thereby allowing the action to languish for an extended period. However, if we construe the sec. 655.465(7) time period as mandatory, then regardless of fault and for whatever reason, failure to hold the mediation hearing within the time period would prevent claimants from litigating their medical malpractice suits.

■ Section 655.465(7), Stats., does not rigidly mandate a ninety-day period, but by providing that the parties may mutually agree to lengthen the time period, the legislature indicated the flexible nature of the statute. Construing the statute as directory does not conflict with this intent.

We can discern the evil the legislature wished to remedy and the general object it sought to accomplish in enacting sec. 655.465(7), Stats., by referring to the statement of its intent. "The legislature intends that the mediation system provide ... persons ... with an informal, inexpensive and expedient means for resolving disputes without litigation and intends that the director administer the mediation system accordingly." Sec. 655.42(1). Apparently the legislature had considered the previous system formal, expensive and lengthy, and wished to remedy these "evils" by creating the present system. To construe the sec. 655.465(7) time period as mandatory, the violation of which means a claim is lost, is not in keeping with the informal nature of the mediation system.

In addition, as we noted in *Eby,* 147 Wis. 2d at 238, 432 N.W.2d at 681, the Wisconsin Supreme Court

stated that, when allowing something to be done after the time prescribed would not result in injury, the time limit may be construed as directory. *Karow,* 82 Wis. 2d at 572, 263 N.W.2d at 217.

> [W]here there is no substantial reason why the thing to be done might not as well be done after the time prescribed as before—no presumption that by allowing it to be so done, it may work an injury or wrong—nothing in the act itself, or in other acts relating to the same subject matter, indicating that the legislature did not intend that it should rather be done, after the time prescribed, than not to be done at all; there the courts assume that the intent was, that if not done within the time prescribed, it might be done afterwards.

*State ex rel. Cothren v. Lean,* 9 Wis. 254 (*279), 266 (*292) (1859), quoted in *Eby,* 147 Wis. 2d at 238–39, 432 N.W.2d at 681.

■

In light of the *Karow* factors, we conclude that the sec. 655.465(7), Stats., time period is directory. Therefore, the Gaugers' failure to abide by the sec. 655.465(7) time period did not destroy their right to ch. 655 mediation. However, we also conclude that the decision whether to allow mediation is within the discretion of the trial court. The trial court, if it determines that the Gaugers violated the sec. 655.465(7) time period, may determine what sanctions, including dismissal, they should suffer for the violation. Another court has come to similar conclusions. *See Bertorello v. St. Joseph's Hosp. of Marshfield,* 685 F. Supp. 192, 195 (W.D. Wis. 1988) (sec. 655.465(7), ninety-day time period directory and sanctions for violations within court's discretion).

We are unable to exercise the trial court's discretion. *Wis. Asso. of Food Dealers v. City of Madison,* 97 Wis. 2d 426, 434, 293 N.W.2d 540, 545 (1980). Therefore we reverse and remand this issue to the trial court for it to exercise its discretion by deciding whether to allow the Gaugers to participate in mediation. Because it would be premature to do so, we do not address the merits of the Gaugers' claims.[1]

*By the Court.*—Judgment reversed and cause remanded for further proceedings.

---

[1]The court also granted defendants' motion for summary judgment for other reasons. Ordinarily, we would consider these reasons. However, in this case it is premature to do so. If the trial court decides to deny the Gaugers mediation because of inexcusable delay, no decision on the merits will be necessary. The same reasoning applies if the trial court allows the Gaugers to mediate and mediation is successful. If the trial court permits the Gaugers to mediate, and the mediation is unsuccessful, then the case will be ripe for the trial court to decide the other issues defendants raised.