# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP1745-CR |
| COMPLETE TITLE: | State of Wisconsin, |
| | Plaintiff-Respondent, |
| | v. |
| | Michael L. Cox, |
| | Defendant-Appellant. |

ON CERTIFICATION FROM THE COURT OF APPEALS

| | |
|---|---|
| OPINION FILED: | June 15, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | March 16, 2018 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Milwaukee |
| JUDGE: | William W. Brash and T. Christopher Dee |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | A.W. BRADLEY, J., did not participate. |

ATTORNEYS:

For the defendant-appellant, there were briefs filed and an oral argument by *Hannah Schieber Jurss*, assistant state public defender.

For the plaintiff-respondent, there was a brief filed and an oral argument by *Kevin M. LeRoy*, deputy solicitor general, with whom on the brief were *Brad D. Schimel*, attorney general, and *Misha Tseytlin*, solicitor general.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP1745-CR
(L.C. No. 2015CF1187)

STATE OF WISCONSIN      :      IN SUPREME COURT

**State of Wisconsin,**

      **Plaintiff-Respondent,**

    **v.**

**Michael L. Cox,**

      **Defendant-Appellant.**

**FILED**

**JUN 15, 2018**

Sheila T. Reiff
Clerk of Supreme Court

APPEAL from a judgment and an order of the Circuit Court for Milwaukee County, William W. Brash, III and T. Christopher Dee, Judges. *Affirmed.*

¶1 DANIEL KELLY, J. Upon conviction of a felony, our statutes provide for imposition of a $250 deoxyribonucleic acid (DNA) analysis surcharge on the defendant. Before the legislature adopted 2013 Wis. Act 20 (Act 20), the relevant statute said the court "may" impose that surcharge. Now, however, the statute says the court "shall" impose the surcharge. The court of appeals certified Mr. Michael L. Cox's appeal to us so that we may determine whether the substitution of "shall" for "may" means that circuit courts no longer have

the discretion to waive the surcharge. We conclude that Act 20 eliminated that discretion, and therefore affirm the circuit court.

## I. BACKGROUND

¶2 In the early hours of March 14, 2015, Mr. Cox drove approximately three miles on the wrong side of a Milwaukee-area highway, which also put him on the wrong side of the law. Mr. Cox evaded one squad car, but others eventually intercepted him and brought him to a halt. With bloodshot and glassy eyes, and smelling strongly of alcohol, Mr. Cox unsteadily emerged from his car and tried to hand one of the officers a large amount of cash. He was, of course, arrested. The ensuing search netted a plastic bag with a green leafy substance that tested positive for the presence of THC (tetrahydrocannabinols).[1]

¶3 Mr. Cox pled guilty to one count of second-degree recklessly endangering safety contrary to Wis. Stat. § 941.30(2) (2015-16),[2] a Class G felony. The State also charged Mr. Cox with one count of possession of THC——second and subsequent

---

[1] Tetrahydrocannabinol is a compound "that is the physiologically active component in cannabis preparations (marijuana, hashish, etc.) derived from the Indian hemp plant or produced synthetically." Tetrahydrocannabinol, Random House Unabridged Dictionary 1962 (2d ed. 1993).

[2] All subsequent references to the Wisconsin Statutes are to the 2015-16 version unless otherwise indicated.

offense contrary to Wis. Stat. § 961.41(3g)(e), which was later dismissed and read in at sentencing.[3]

¶4 At the sentencing hearing, the Milwaukee County Circuit Court[4] waived imposition of the $250 DNA surcharge set forth in Wis. Stat. § 973.046(1r)(a) (the "DNA Surcharge statute"). It said: "All right. I'll order him to submit one [a DNA sample] if he hasn't previously done so. He doesn't have to repeat that process. And assuming for sake of argument that's [sic] he's already done that, I'm going to waive the imposition of a DNA surcharge with regards to this matter."[5]

¶5 Notwithstanding the waiver, the judgment (as it was ultimately entered) required Mr. Cox to pay the DNA surcharge. So Mr. Cox filed a postconviction motion requesting vacation of the surcharge because it conflicted with what the circuit court said when imposing sentence. The circuit court[6] denied Mr. Cox's

---

[3] Mr. Cox also received multiple traffic-related citations, including one for OWI first. He pled guilty to the OWI citation and the court imposed a $150 forfeiture plus costs, assessments, and surcharges, as well as a six-month revocation of Mr. Cox's driving privileges and 12 months of ignition lock on any vehicle Mr. Cox owned or drove. The State moved to dismiss the remaining traffic-related citations based on Mr. Cox's plea to the OWI citation.

[4] The Honorable William W. Brash, III, presiding.

[5] An amended judgment of conviction from a prior Milwaukee County criminal matter was attached to the Complaint and reflected that Mr. Cox had previously been ordered to provide a DNA sample.

[6] The Honorable T. Christopher Dee, presiding.

motion, explaining that Wis. Stat. § 973.046 requires imposition of the DNA surcharge and that "the court had no authority under the statute to waive or vacate the surcharge on the basis that the defendant previously provided a DNA sample in another case."

¶6 The court of appeals certified Mr. Cox's appeal so that we may determine whether circuit courts have discretion under Wis. Stat. § 973.046(1r)(a) to waive imposition of DNA surcharges for crimes committed after January 1, 2014.[7]

## II. STANDARD OF REVIEW

¶7 Interpreting and applying Wis. Stat. § 973.046 presents a question of law, which we review de novo. CED Props., LLC v. City of Oshkosh, 2018 WI 24, ¶20, 380 Wis. 2d 399, 909 N.W.2d 136.

## III. ANALYSIS

¶8 Our project is to assay the meaning of "shall" as used in Wis. Stat. § 973.046(1r) to determine whether it admits of any discretion in the imposition of the DNA surcharge. We start our analysis with a brief survey of the changes Act 20 wrought on that statute. Until the legislature adopted Act 20, § 973.046 said the court may impose the DNA surcharge upon any felony conviction. See § 973.046(1g) (2011-12). But in certain sexual assault cases, the statute said the court shall impose

---

[7] 2013 Wis. Act 20 was published on July 1, 2013, and the newly-amended DNA Surcharge statute at issue here went into effect six months after publication. See 2013 Wis. Act 20, §§ 9326, 9426.

4

the surcharge. See § 973.046(1r) (2011-12). This is how the relevant parts of the statute read before Act 20:

> (1g) Except as provided in sub. (1r), if a court imposes a sentence or places a person on probation for a felony conviction, the court may impose a deoxyribonucleic acid analysis surcharge of $250.

> (1r) If a court imposes a sentence or places a person on probation for a violation of s. 940.225, 948.02(1) or (2), 948.025, 948.085, the court shall impose a deoxyribonucleic acid analysis surcharge of $250.[8]

§§ 973.046(1g), (1r) (2011-12) (emphasis added). Effective January 1, 2014, Act 20 eliminated the "may impose" provision and instead instructed courts that they "shall impose" the DNA surcharge on both felony and misdemeanor convictions:

> (1r) If a court imposes a sentence or places a person on probation, the court shall impose a deoxyribonucleic acid analysis surcharge, calculated as follows:

> (a) For each conviction for a felony, $250.

> (b) For each conviction for a misdemeanor, $200.

§ 973.046(1r) (emphasis added).

¶9 Our goal in considering the change from "may" to "shall" is to discover and apply the statute's plain meaning. See State ex rel. Kalal v. Circuit Court for Dane Cty., 2004

---

[8] The statutes referenced in Wis. Stat. § 973.046(1r) (2011-12) relate to the following: (1) sexual assault (Wis. Stat. § 940.225 (2011-12)); first-degree and second-degree sexual assault of a child (Wis. Stat. §§ 948.02(1) and (2) (2011-12), respectively); (3) repeated sexual assault of the same child (Wis. Stat. § 948.025 (2011-12)); and (4) sexual assault of a child placed in substitute care (Wis. Stat. § 948.085 (2011-12)).

5

WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110 ("[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect."). We determine a statute's meaning through examination of its text, context, and structure. Id., ¶46 ("Context is important to meaning. So, too, is the structure of the statute in which the operative language appears. Therefore, statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; . . . .").

¶10 Where, as here, the legislature has amended the part of the statute in which we are interested, we may have recourse to that history to assist us in discovering the statute's plain meaning. See Cty. of Dane v. LIRC, 2009 WI 9, ¶27, 315 Wis. 2d 293, 759 N.W.2d 571 ("'A review of statutory history is part of a plain meaning analysis' because it is part of the context in which we interpret statutory terms." (citation omitted)). This history "encompasses the previously enacted and repealed provisions of a statute." Richards v. Badger Mut. Ins. Co., 2008 WI 52, ¶22, 309 Wis. 2d 541, 749 N.W.2d 581. "By analyzing the changes the legislature has made over the course of several years, we may be assisted in arriving at the meaning of a statute." Id., ¶22. If we determine the statute's plain meaning through this methodology, we go no further. Kalal, 271 Wis. 2d 633, ¶45 ("If the meaning of the statute is plain, we ordinarily stop the inquiry." (internal marks and citation omitted)).

¶11 Whenever we encounter a dispute over the meaning of "shall," we presume it is introducing a mandate. "The general rule is that the word 'shall' is presumed mandatory when it appears in a statute." Karow v. Milwaukee Cty. Civil Serv. Comm'n, 82 Wis. 2d 565, 570, 263 N.W.2d 214 (1978); see also Bank of New York Mellon v. Carson, 2015 WI 15, ¶21, 361 Wis. 2d 23, 859 N.W.2d 422. This presumption, however, is subject to rebuttal. Occasionally, we have construed "shall" as a directive, rather than a mandate. Karow, 82 Wis. 2d at 571.

¶12 Mr. Cox urges us to adopt the latter interpretation of "shall." He observes that circuit courts generally have broad sentencing discretion; he believes this must mean that the legislature's use of "shall" in this context reflects a policy of presumptively imposing the DNA surcharge while leaving courts discretion to waive it. The State, on the other hand, says that when the legislature changed "may" to "shall," it meant "must." We agree with the State.

¶13 The recent history of Wis. Stat. § 973.046 convinces us that "shall" carries its presumptively mandatory meaning in this context. Prior to Act 20, § 973.046 unquestionably distinguished between discretionary and mandatory DNA surcharges. The court had discretion to impose the surcharge on any defendant convicted of a felony, as evidenced by the statutory "may impose" language. § 973.046(1g) (2011-12). In contrast, the statute said the court "shall impose" the surcharge when the defendant stood convicted of at least one of the enumerated offenses. § 973.046(1r) (2011-12). We have long

7

said that "[w]hen the words 'shall' and 'may' are used in the same section of a statute, one can infer that the legislature was aware of the different denotations and intended the words to have their precise meanings." Karow, 82 Wis. 2d at 571; State ex rel. Marberry v. Macht, 2003 WI 79, ¶16, 262 Wis. 2d 720, 665 N.W.2d 155.

¶14 "Shall" must certainly have meant "must" in the pre-Act 20 statute because anything less would have been absurd.[9] If that term had borne the merely directive sense of the word, we would have to conclude that one subsection of the pre-Act 20 statute gave courts discretion to impose the DNA surcharge (with respect to all felons, see Wis. Stat. § 973.046(1g) (2011-12)), while the other simply added a presumption of applicability to the courts' discretion (with respect to those convicted of the enumerated offenses, see Wis. Stat. § 973.046(1r) (2011-12)). We see no textual or contextual clues that would support such a mincing distinction, nor has Mr. Cox identified any. We have no difficulty concluding that, prior to Act 20, the "shall impose" language of § 973.046(1r) (2011-12) meant that the court must apply the DNA surcharge in the identified circumstances.

¶15 Act 20 eliminated the distinction between convictions in which the court "may impose" the DNA surcharge and those in which it "shall impose" the surcharge. 2013 Wis. Act 20,

___

[9] We interpret statutes "reasonably, to avoid absurd or unreasonable results." State ex rel. Kalal v. Circuit Court for Dane Cty., 2004 WI 58, ¶46, 271 Wis. 2d 633, 681 N.W.2d 110.

§§ 2353-2355.  In abandoning the distinction, it swept all convictions into the "shall impose" category (and expanded it to include misdemeanors).  If we presume the legislature understood the distinction between "may" and "shall" when it created Wis. Stat. § 973.046 (2011-12), then we must afford it the same courtesy when evaluating the work it accomplished with Act 20. And if the point of the amendment had been to make the DNA surcharge discretionary with respect to all convictions, the statute already had a ready-made category for that purpose——the "may impose" subsection.  The legislature, however, pointedly rejected that option by eliminating the discretionary category. If "shall impose" meant "must" before Act 20 (and it did), there is no reason to believe that it means less than "must" now. Nothing in Act 20 or the resulting language of § 973.046 suggests the mandatory nature of the "shall" category changed just because it is now comprehensive instead of selective. Consequently, there is no reason for us to read "shall" as anything other than "must" in the current version of § 973.046(1r).

¶16 The remainder of the statute's language confirms this reading.  The word "shall" appears five additional times in Wis. Stat. § 973.046.  In each instance, the word unmistakably expresses its mandatory nature.  Thus, § 973.046(2) provides that "the clerk <u>shall</u> collect and transmit" the amount collected from the surcharge to the county treasurer, and the county treasurer "<u>shall</u> then make payment to the secretary of administration . . . ."  (Emphasis added.)  Section 973.046(3),

9

in turn, provides that all funds collected under this statute "<u>shall</u> be deposited by the secretary of administration . . . ." (Emphasis added.) Finally, § 973.046(4) identifies circumstances under which the "department <u>shall</u> assess and collect the amount owed from the inmate's wages or other moneys[,]" and that amount "<u>shall</u> be transmitted to the secretary of administration." (Emphasis added.)

¶17 Everyone agrees that, in each of these instances, "shall" means "must." And "[w]hen the legislature uses a particular word more than once in an act, we understand it to carry the same meaning each time, absent textual or structural clues to the contrary." <u>State ex rel. DNR v. Wis. Court of Appeals, Dist. IV</u>, 2018 WI 25, ¶30, 380 Wis. 2d 354, 909 N.W.2d 114; <u>see also</u> <u>Phelps v. Physicians Ins. Co. of Wis., Inc.</u>, 2005 WI 85, ¶58, 282 Wis. 2d 69, 698 N.W.2d 643 ("Typically, a term used in multiple subsections within a statute is given the same meaning."). Mr. Cox has identified no textual or structural hint that the sixth iteration of the word should carry a different meaning, and we have seen none.

¶18 Finally, Mr. Cox argues that the mandate we see in the word "shall" will create surplusage in a different surcharge statute. The Crime Victim/Witness Surcharge statute says, in relevant part: "If a court imposes a sentence or places a person on probation, the court <u>shall impose</u> a crime victim and witness assistance surcharge. A surcharge imposed under this subsection <u>may not be waived, reduced, or forgiven for any reason</u>." Wis. Stat. § 973.045(1) (emphasis added). If "shall"

10

means "must," Mr. Cox asks, why does this statute contain explicit waiver abatement language? There are only two possible conclusions, he says. First, "shall" evidences a directive, not a mandate, so the legislature had to include the waiver abatement language to eliminate the discretion the courts would otherwise exercise. Or second, he says, the waiver abatement language is surplusage, a conclusion we are supposed to avoid whenever possible. Donaldson v. State, 93 Wis. 2d 306, 315, 286 N.W.2d 817 (1980) ("A statute should be construed so that no word or clause shall be rendered surplusage and every word if possible should be given effect."); see also State v. Hemp, 2014 WI 129, ¶13, 359 Wis. 2d 320, 856 N.W.2d 811 ("[S]tatutes are interpreted to avoid surplusage, giving effect to each word.").

¶19 Mr. Cox's argument is a worthy one, but it does not account for a third possibility, a possibility that conclusively resolves the apparent paradox. The waiver abatement language in the Crime Victim/Witness Surcharge statute comes from Act 20, the same act that amended the DNA Surcharge statute. See 2013 Wis. Act 20, § 2348. Prior to Act 20, the Crime Victim/Witness Surcharge statute said: "If a court imposes a sentence or places a person on probation, the court shall impose a crime victim and witness assistance surcharge calculated as follows[] . . . ." Wis. Stat. § 973.045(1) (2011-12) (emphasis added). However, courts were treating this "shall impose" language as Mr. Cox asks us to treat the same language in the

11

DNA Surcharge statute—as a directive, not a mandate.[10]  Act 20 added the waiver abatement language for the obvious purpose of ending that practice.

¶20  This new language, however, does not tell us what Mr. Cox wants us to hear.  Whereas Mr. Cox says the waiver abatement language demonstrates the legislature's understanding that "shall" means "may" in the Crime Victim/Witness Surcharge statute (albeit with a presumption the surcharge would be imposed), we see only exasperation.  The legislature had already used mandatory language and fortified it with Act 20's waiver abatement language because courts were not doing as they had already been told.  Other than Act 20's waiver abatement language, Mr. Cox offers no rationale for reading "shall" in the Crime Victim/Witness Surcharge statute as a directive instead of a mandate.  For many of the same reasons we discussed with respect to the DNA Surcharge statute, reading "shall" in this statute as anything other than mandatory would be anomalous. The Crime Victim/Witness Surcharge statute uses the term "shall" seven additional times, and in none of those instances could it credibly be argued the term was less than mandatory.  See Wis. Stat. § 973.045.  Consistently using the term "shall" in the

---

[10] See Legislative Audit Bureau, Crime Victim and Witness Assistance Surcharge Revenue, available at https://legis.wisconsin.gov/lab/reports/12-13full.pdf (last visited May 15, 2018).  We may take judicial notice of Legislative Audit Bureau reports and do so here.  See Wis. Med. Soc'y, Inc. v. Morgan, 2010 WI 94, ¶¶18-28, 18 n.7, 328 Wis. 2d 469, 787 N.W.2d 22.

mandatory sense indicates the legislature meant it to carry the same meaning the eighth time as well. See DNR, 380 Wis. 2d 354, ¶30 ("When the legislature uses a particular word more than once in an act, we understand it to carry the same meaning each time, absent textual or structural clues to the contrary.").

¶21 Even if the justification for the waiver abatement language in the Crime Victim/Witness statute were less than clear, still it would engender no doubt about the proper meaning of "shall" in the DNA Surcharge statute. The history of a related statute can provide useful interpretive information, but that information carries less weight than the history, text, and structure of the statute about which we are immediately concerned. In this case, the legislature's decision to eliminate a clearly discretionary category in the DNA Surcharge statute in favor of a comprehensive "shall impose" category is overwhelming evidence that the remaining category was not supposed to bear the distinguishing characteristic of the one that had just been deleted.

¶22 Finally, Mr. Cox's argument, were we to accept it, would disrupt yet another surcharge statute. The Domestic Abuse Surcharge statute (Wis. Stat. § 973.055) says the court "shall impose" a surcharge on adults sentenced or placed on probation after conviction for any of several offenses listed therein.[11]

---

[11] Wisconsin Stat. § 973.055(1) provides that "[i]f a court imposes a sentence on an adult person or places an adult person on probation . . . the court shall impose a domestic abuse surcharge" when certain conditions exist.

13

But it also provides that: "A court may waive part or all of the domestic abuse surcharge under this section if it determines that the imposition of the full surcharge would have a negative impact on the offender's family." § 973.055(4). If the lesson we are supposed to learn from the Crime Victim/Witness Surcharge statute is that "shall" means "may," then subsection (4) of the Domestic Abuse Surcharge statute is entirely unnecessary.

¶23 Mr. Cox's argument has an unacceptable cascade effect. If we accept his analysis of the Crime Victim/Witness Surcharge statute, it would overwhelm the more trenchant lessons available to us from the DNA Surcharge statute's history, and it would turn the Domestic Abuse Surcharge statute's express grant of discretion into surplusage. Our reading brings cohesion and order across all the statutes. "Shall" means "must" in the DNA Surcharge statute because its history compels that conclusion. The waiver abatement language of the Crime Victim/Witness Surcharge statute exists because courts had not been honoring its mandatory "shall impose" language. And the surcharge in the Domestic Abuse Surcharge statute is discretionary because, notwithstanding its "shall impose" language, it also explicitly grants courts the discretion to waive it.

*

¶24 We presume that when the legislature uses "shall" it does so because it is describing a mandate, not a directive. Nothing in the text, context, or history of the DNA Surcharge statute indicates we should depart from that presumption here. Further, this reading makes the statute fit more comfortably

14

with the Crime Victim/Witness Surcharge statute and the Domestic Abuse Surcharge statute than the alternative. Therefore, the plain meaning of Wis. Stat. § 973.046(1r) is that, with respect to crimes committed after January 1, 2014, courts must impose the indicated surcharge; there is no discretion to waive it.

IV. CONCLUSION

¶25 Because we conclude that "shall" as used in Wis. Stat. § 973.046(1r) is mandatory, the circuit court correctly denied Mr. Cox's postconviction motion to remove the DNA surcharge from his judgment of conviction. We affirm the circuit court's order denying Mr. Cox's postconviction motion.

*By the Court.*—The judgment and order of the circuit court are affirmed.

¶26 ANN WALSH BRADLEY, J., did not participate.