**COURT OF APPEALS**

**DECISION**

**DATED AND FILED**

**November 7, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP432-CR**

Cir. Ct. No. **2017CM1319**

STATE OF WISCONSIN

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

AMANUEL A. AYELE,

DEFENDANT-APPELLANT.

APPEAL from a judgment and orders of the circuit court for Dane County: WILLIAM E. HANRAHAN, Judge. *Affirmed.*

¶1 FITZPATRICK, P.J.[1] Amanuel Ayele appeals a judgment of conviction for battery, contrary to WIS. STAT. § 940.19(1), and orders of the circuit court denying his motions for postconviction relief and reconsideration. The

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

judgment of conviction describes count 1 as "[WIS. STAT. §] 973.055(1)[2] Domestic Abuse Assessments]"[3] and as "Battery." Postconviction, Ayele requested that the circuit court enter an amended judgment of conviction that omits the Domestic Abuse Assessment descriptor because the circuit court agreed at the plea and sentencing hearing to waive the surcharge that is mandatorily imposed under § 973.055(1). The circuit court denied Ayele's motion, and also denied Ayele's subsequent motion for reconsideration. I affirm.

## BACKGROUND

¶2 There is no dispute concerning the following facts.

---

[2] WISCONSIN STAT. § 973.055 provides:

> **(1)** If a court imposes a sentence on an adult person or places an adult person on probation, regardless of whether any fine is imposed, the court shall impose a domestic abuse surcharge under [WIS. STAT.] ch. 814 of $100 for each offense if:
>
> (a) 1. The court convicts the person of a violation of a crime specified in [WIS. STAT.] s. … 940.19 … ; and
>
> 2. The court finds that the conduct constituting the violation under subd. 1. involved an act by the adult person against … an adult with whom the adult person resides ….
>
> ….
>
> **(4)** A court may waive part or all of the domestic abuse surcharge under this section if it determines that the imposition of the full surcharge would have a negative impact on the offender's family.

[3] I will sometimes refer to this description as the "Domestic Abuse Assessment descriptor."

2

¶3      On July 12, 2017, police officers were dispatched to the apartment of Aydiko Gembero in response to a 911 call made by Gembero. Gembero reported to officers that his son, Ayele, lived with him and that Ayele had hit Gembero's television multiple times with a metal pipe. Gembero reported that he told Ayele to stop hitting the television and then Ayele hit Gembero "[t]oo many [times] to count" with the pipe and kicked Gembero "numerous" times when Gembero fell to the ground. Gembero reported that he attempted to get his cell phone out of his pocket in order to call 911, but that Ayele kicked the phone out of Gembero's hand. Gembero reported that he was eventually able to flee his apartment to the apartment complex's office and call 911.

¶4      Ayele was charged with two counts: (1) misdemeanor battery with the use of a dangerous weapon, contrary to WIS. STAT. § 940.19(1), with a domestic abuse surcharge under WIS. STAT. § 973.055; and (2) criminal damage to property with the use of a dangerous weapon, contrary to WIS. STAT. § 943.01(1), with a domestic abuse surcharge.

¶5      At a plea hearing, the State advised the circuit court that, in exchange for Ayele's plea, the State agreed to dismiss the dangerous weapon enhancer on the battery charge and to dismiss in its entirety the criminal property damage charge. The State also informed the court that it agreed to dismiss the domestic abuse surcharge, which defense counsel described as a penalty "enhance[r]," on the battery charge.

¶6      In response, the circuit court stated that the domestic abuse surcharge "isn't a penalty enhancer." The court stated that "domestic abuse" is not a specific crime in Wisconsin, but that WIS. STAT. § 973.055 dictates under what circumstances an offense is one of domestic abuse and that the statute mandates

3

that a financial surcharge be imposed in every such case. Defense counsel responded as follows: "Well, if that's the Court's finding, then we can just move on." Ayele then advised the court that he still wished to enter his plea and the court conducted the necessary colloquy with Ayele to ascertain that his plea was knowing, intelligent, and voluntary before the court accepted the plea. Pursuant to the plea agreement, Ayele pleaded guilty to misdemeanor battery, with the domestic abuse surcharge.

¶7 During sentencing, the following discussion took place between the circuit court and defense counsel:

> [DEFENSE COUNSEL]: And, Your Honor, on the issue of court costs, would you consider waiving any costs you can? I'm looking particularly at that domestic abuse surcharge under (4).
>
> ….
>
> THE COURT: Yeah. I'll waive that surcharge. That is waivable.

¶8 A judgment of conviction was entered by the circuit court. The judgment describes count 1 as "[[WIS. STAT. §] 973.055(1) Domestic Abuse Assessments]" and as "Battery." Postconviction counsel for Ayele requested by letter that the circuit court amend the judgment to remove the Domestic Abuse Assessment descriptor because the circuit court had agreed at sentencing to waive that surcharge. The court denied counsel's request. Ayele then filed a motion, which the court treated as a motion for reconsideration, requesting again that the judgment be amended to remove the "domestic abuse surcharge" descriptor. The court denied Ayele's motion. Ayele appeals.

**DISCUSSION**

¶9    Ayele contends that the circuit court erred in denying his post-judgment motions to amend the judgment to remove the Domestic Abuse Assessment descriptor.

¶10    The domestic abuse surcharge under WIS. STAT. § 973.055 is implicated if the circuit court: "convicts the [defendant] of a violation of a crime specified in … [WIS. STAT. §] 940.19 … and … [t]he court finds that the conduct constituting the violation [of the offense specified in § 940.19] … involved an act by the adult person against … an adult with whom the adult person resides." Sec. 973.055(1)(a). Ayele pleaded not guilty to battery, contrary to § 940.19(1). Section 940.19(1) provides that "[w]hoever causes bodily harm to another by an act done with intent to cause bodily harm to that person … without the consent of the person so harmed" is guilty of battery. At the plea hearing, Ayele agreed that the circuit court could look to the allegations in the complaint to support a factual basis for Ayele's guilty plea. *See* ***State v. Thomas***, 2000 WI 13, ¶¶18-20, 232 Wis. 2d 714, 605 N.W.2d 836 (a factual basis is established when counsel agrees on the record to the facts in the criminal complaint). The complaint alleged that Ayele resided with Gembero, who is Ayele's father, and that Ayele struck Gembero multiple times with a metal pipe and kicked Gembero multiple times after Gembero fell to the ground. I conclude that these allegations establish that that Ayele was convicted of a crime under § 940.19 against an adult person with whom Ayele resided, and that Ayele's offense implicated the domestic abuse surcharge under § 973.055.

¶11    On appeal, Ayele does not argue that inclusion of the Domestic Abuse Assessment descriptor is erroneous because the facts of this case do not

implicate the domestic abuse surcharge that must be imposed pursuant to WIS. STAT. § 973.055(1). The surcharge is implicated unless, under § 973.055(4), the court determines that imposition of the surcharge would have a negative impact on the offender's family. *See* § 973.055(1) and (4); *see also* **State v. Cox**, 2018 WI 67, ¶23, 382 Wis. 2d 338, 913 N.W.2d 780. Instead, Ayele argues that the domestic abuse surcharge under § 973.055 is "nothing more than a monetary surcharge" and, thus, the circuit court "does not have the authority to include the phrase 'domestic abuse assessments' on the conviction portion of the judgment of conviction after agreeing to waive the domestic abuse []surcharge."

¶12     A circuit court has authority to amend a judgment to correct errors. *See* **State v. Prihoda**, 2000 WI 123, ¶17 n.9, 239 Wis. 2d 244, 618 N.W.2d 857; *see also* WIS. STAT. § 806.07(1)(a) (a court may relieve a party from a judgment based on mistake). However, I conclude that the inclusion of the Domestic Abuse Assessment descriptor is not an error and, therefore, the circuit court did not err in not amending the judgment.

¶13     At the plea and sentencing hearing, the circuit court rejected the State's and Ayele's proposed agreement that the battery offense not be classified as an act of domestic abuse subject to the surcharge under WIS. STAT. § 973.055. The court ruled that the domestic abuse surcharge is not a penalty enhancer but, instead, a classification of an offense that is necessarily implicated if the facts of the case meet the criteria set forth in § 973.055(1). Later, the court agreed to waive, pursuant to § 973.055(4), imposition of the financial aspect of the surcharge. However, the court did not agree that the domestic abuse surcharge was not implicated by the facts. The court's oral pronouncements reflect an intent that the domestic abuse surcharge be implicated by the battery offense in this case,

but that Ayele not be burdened by the $100 surcharge that generally accompanies offenses that implicate § 973.055(1).

¶14 Ayele does not develop an argument or cite this court to any legal authority supporting the proposition that a judgment of conviction for an offense that implicates WIS. STAT. § 973.055(1) cannot indicate as much when the court has waived the $100 surcharge in full pursuant to § 973.055(4).[4] This court need not address arguments that are unsupported by legal arguments or unsupported by legal authority. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (regarding unsupported and undeveloped arguments). Accordingly, I reject Ayele's argument that the circuit court erred in denying his motion to modify the judgment.

¶15 However, even if Ayele is correct that the Domestic Abuse Assessment descriptor is erroneous, Ayele does not explain what the practical consequence of this error is or how he is harmed by that error. Ayele studiously avoids mentioning any adverse consequences of the circuit court's decision other than an alleged mistake in verbiage in the judgment itself. Accordingly, I decline to consider the asserted error further. *See Id.* So, even if the circuit court erred (and I do not conclude it did), the error was harmless.

---

[4] Ayele asserts that, by referencing the domestic abuse surcharge on the judgment of conviction, the circuit court has "in effect[] creat[ed] a crime of domestic abuse" where the legislature has not created any such crime. I reject this argument. The judgment's description of count 1 as "[[WIS. STAT. §] 973.055(1) Domestic Abuse Assessment]" does not create criminal penalties and, thus, does not create a crime of domestic abuse. Instead, the Domestic Abuse Assessment descriptor indicates that the charged crime, battery, implicates § 973.055(1) because the underlying conduct was also an act of domestic abuse.

¶16 Finally, I observe that there may be a clerical error in the judgment and in the circuit court's Assessment Report describing the assessments against Ayele. The judgment and Assessment Report appear to indicate that a $100 domestic abuse surcharge was assessed against Ayele. However, the court waived that surcharge in its entirety at sentencing, and the parties do not contend that such a surcharge was, in fact, assessed. Upon remittitur, I suggest that the circuit court consider this potential error and, if appropriate, correct this scrivener's error in the judgment or order the clerk of the circuit court to make the correction. *See Prihoda*, 239 Wis. 2d 244, ¶¶26-27 (clerk of the circuit court does not have authority to correct a clerical error in the sentence portion of the judgment; an unambiguous oral pronouncement controls over a written judgment of conviction).

## CONCLUSION

¶17 For the foregoing reasons, the judgment and orders of the circuit court are affirmed.

*By the Court.*—Judgment and orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

8