# Supreme Court of Wisconsin

| | |
|---|---|
| Case No.: | 2019AP2205 |

| | |
|---|---|
| Complete Title: | Loren Imhoff Homebuilder, Inc., Petitioner-Appellant, v. Lisa Taylor and Luis Cuevas, Respondents-Respondents-Petitioners. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 395 Wis. 2d 178,953 N.W.2d 353
(2020 – unpublished)

| | |
|---|---|
| Opinion Filed: | March 1, 2022 |
| Submitted on Briefs: | |
| Oral Argument: | October 4, 2021 |

| | |
|---|---|
| Source of Appeal: | |
| Court: | Circuit |
| County: | Dane |
| Judge: | Frank D. Remington |

Justices:
ROGGENSACK, J., delivered the majority opinion for a unanimous Court.
Not Participating:
KAROFSKY, J., did not participate.

Attorneys:

For the respondents-respondents-petitioners, there were briefs filed by *Deborah C. Meiners, Barret V. Van Sicklen, Jordan Rohlfing*, and *DeWitt LLP*, Madison. There was an oral argument by *Barret V. Van Sicklen*.

For the petitioner-appellant, there was a brief filed by *Paul W. Schwarzenbart, Jeffrey W. Younger,* and *Stafford Rosenbaum LLP*, Madison. There was an oral argument by *Paul W. Schwarzenbart.*

**2022 WI 12**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2019AP2205
 (L.C. No. 2016CV3177)

STATE OF WISCONSIN      :      IN SUPREME COURT

**Loren Imhoff Homebuilder, Inc.,**

    **Petitioner-Appellant,**

    **v.**

**Lisa Taylor and Luis Cuevas,**

    **Respondents-Respondents-Petitioners.**

**FILED**

**MAR 1, 2022**

Sheila T. Reiff
Clerk of Supreme Court

ROGGENSACK, J., delivered the majority opinion for a unanimous Court.

KAROFSKY, J., did not participate.

REVIEW of a decision of the Court of Appeals. *Reversed and cause remanded.*

¶1 PATIENCE DRAKE ROGGENSACK, J. We review the decision of the court of appeals[1] that applied the doctrine of forfeiture as the basis for its reversal of the circuit court's[2] vacatur of

---

[1] Loren Imhoff Homebuilder, Inc. v. Taylor, 2020 WI App 80, 395 Wis. 2d 178, 953 N.W.2d 353.

[2] The Honorable Frank D. Remington of Dane County Circuit Court presided.

Loren Imhoff Homebuilder, Inc.'s ("Imhoff") arbitral award under Wis. Stat. § 788.10(1) (2019-2020).[3] On our review, Lisa Taylor and Luis Cuevas ("the homeowners") urge us to reverse the court of appeals, arguing that they did not forfeit their objections to the arbitrator's conduct because they properly raised them before the arbitral award was issued. Furthermore, they assert that the arbitrator's sleeping was both misbehavior that resulted in prejudice and indicative of a flawed process to the extent that the vacatur of the arbitral award was required under both §§ 788.10(1)(c) and (1)(d).

¶2    We conclude that, because the homeowners objected to the arbitrator's sleeping before he issued the arbitral award, they did not forfeit their objection. However, we are evenly divided on whether the arbitration award should be vacated pursuant to Wis. Stat. § 788.10. Therefore, we reverse the decision of the court of appeals and remand the matter to the court of appeals for consideration of § 788.10 issues.

## I. BACKGROUND

¶3    This case originates from a construction contract that Imhoff entered into with the homeowners for a remodeling project on their home. Eight months into the contract, the homeowners were dissatisfied with the work completed by Imhoff, alleging a number of deficiencies that they asserted breached the construction contract, as well as discrepancies in Imhoff's

---

[3] All references to the Wisconsin Statutes are to the 2019-2020 version unless otherwise indicated.

billing invoices. Following an unsuccessful attempt at mediation, Imhoff filed a petition to compel arbitration under the terms of the contract, which was granted by the circuit court.

¶4    The arbitration commenced before a single arbitrator and consisted of a five-day evidentiary hearing. Following the conclusion of the hearing, but prior to the conferment of the arbitral award, the homeowners raised objections to the arbitration proceedings and asked the arbitrator to recuse. Specifically, the homeowners asserted that the arbitrator was biased towards Imhoff, and that the arbitrator repeatedly fell asleep and missed the presentation of evidence by their expert witness. The arbitrator denied the homeowners' motion and awarded Imhoff over $320,000 in damages and fees. The arbitrator did not directly address the homeowners' allegation that he was sleeping during the hearing.[4]   Imhoff subsequently brought a motion in circuit court to confirm the arbitral award. The homeowners opposed Imhoff's motion and moved to vacate the award based, partly, on the arbitrator's sleeping.

¶5    The circuit court took testimony from the parties and their counsel regarding the arbitrator's sleeping during the arbitration hearing. The homeowners testified that his sleeping happened repeatedly and that "[t]here was never a day . . . where

---

[4] The allegation that the arbitrator was sleeping was not mentioned in his arbitral Decision and Order. It was mentioned in note 2 of the Order Denying Recusal: "Ms. Taylor's suggestion that my drowsiness somehow explains why I was unaware of recordings having been made continuously over the course of a five-day arbitration hearing is incredible on its face."

3

he was not sleeping." Specifically, the homeowners noted that the arbitrator had "glazed eyes, haziness, drowsiness, and sometimes [went into a state of outright] sleep." The homeowners further testified that the arbitrator's sleeping prejudiced their case because it often coincided with their expert witness's testimony.

¶6 After hearing testimony from the parties and Imhoff's attorney in regard to the allegation that the arbitrator was sleeping, the circuit court said it found the homeowners' testimony regarding the sleeping to be "credible." Conversely, it found Imhoff's counsel's testimony——that he did not see the arbitrator sleeping——to be "more [of] an acknowledgment" and "certainly not a denial" because he did not reject "the general proposition that [the arbitrator] was sleeping."

¶7 Following the testimony, the circuit court concluded that the homeowners had "satisfied [their] burden by clear and convincing evidence that [the arbitrator] so imperfectly executed his power that an award upon the subject was not made." Accordingly, the circuit court denied Imhoff's motion to confirm the award, granted the homeowners' motion to vacate, and remanded the case for a new arbitration of the dispute with a different arbitrator. Imhoff appealed.

¶8 The court of appeals reversed, holding that by failing to raise the arbitrator's sleeping during evidentiary testimony at the hearing, failing to voice an objection requesting the arbitrator to reconsider any missed evidence, and waiting to raise the issue of sleeping until after the close of evidence, "the homeowners forfeited drowsiness or sleeping by the arbitrator as

4

a basis to vacate the award."[5] <u>Loren Imhoff Homebuilder, Inc. v. Taylor</u>, 2020 WI App 80, ¶14, 395 Wis. 2d 178, 953 N.W.2d 353.

¶9 We granted the homeowners' petition for review. We determine: (1) whether the doctrine of forfeiture may be applied in an arbitration setting and, if so, (2) whether it should have been applied here.

## II. DISCUSSION

### A. Standard of Review

¶10 Whether a party has forfeited its right to raise an issue on appeal is a question of law that we review independently. <u>City of Eau Claire v. Booth</u>, 2016 WI 65, ¶6, 370 Wis. 2d 595, 882 N.W.2d 738. <u>See also</u> <u>State v. Coffee</u>, 2020 WI 1, ¶17, 389 Wis. 2d 627, 937 N.W.2d 579 ("Whether a claim is forfeited or adequately preserved for appeal is a question of law this court reviews de novo."). Additionally, whether a violation of Wis. Stat. § 788.10(1) occurred, thereby requiring vacatur of an arbitral award, is a question of law that we review independently. <u>Racine Cnty. v. Int'l Ass'n of Machinists & Aerospace Workers Dist. 10, AFL-CIO</u>, 2008 WI 70, ¶11, 310 Wis. 2d 508, 751 N.W.2d 312. And finally, we affirm the "circuit court's findings of fact unless they are unsupported by the record and are . . . clearly

---

[5] Because the court of appeals resolved the appeal based on the forfeiture issue, it did not consider the issue of vacatur of the arbitral award. <u>Id.</u>, ¶15 ("Because we resolve this appeal based on the homeowners' forfeiture, we need not reach the statutory and common law standards that guide courts in addressing a request to vacate an arbitration award.").

erroneous."  Royster-Clark, Inc. v. Olsen's Mill, Inc., 2006 WI 46, ¶11, 290 Wis. 2d 264, 714 N.W.2d 530.

### B  Arbitration Generally

¶11 Arbitration is, first and foremost, a matter of contract.  Rent-A-Ctr., W., Inc. v. Jackson, 561 U.S. 63, 67, (2010).  It is "a method of dispute resolution in which the parties submit a dispute to an impartial person who has been selected by the parties for a final and binding decision."  7 Jay E. Grenig & Nathan A. Fishbach, Wisconsin Practice Series: Arbitration § 86:40 (5th ed. 2021).  Arbitration can provide a "prompt and efficient method for resolving disputes without the expense, delays, or complications that are inherent in litigation."  Id. Because arbitration occurs outside of the court system, it does not carry with it the same formality inherent in the judicial process.  Id.

¶12 Arbitration proceedings are not required to follow procedures that are applicable to a court.  Arbitration procedures are established by contract and are "enforceable except upon such grounds as exist at law or in equity for the revocation of any contract."  Wis. Stat. § 788.01.  The arbitrators are not required to have any legal education or background and are, instead, chosen based on "their integrity and impartiality as well as for their professional competence and knowledge of business affairs." Grenig & Fishbach, supra, § 86:44; see also Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co., 397 F.2d 594, 599 (3d Cir. 1968) (describing that most arbitrators are laymen).  Unless limited by statute, rule, or arbitration agreement, "arbitrators

have considerable discretion as to the mode of conduct[ing] the proceeding." See Grenig & Fishbach, supra, § 86:45. In addition, representation by counsel is not required in all arbitrations. Id.

### C. Forfeiture in Arbitration

¶13 We "often [have] referred to the issue preservation rule as the 'waiver rule' in the past." State v. Huebner, 2000 WI 59, ¶11 n.2, 235 Wis. 2d 486, 611 N.W.2d 727. Although opinions sometimes use "'forfeiture' and 'waiver' interchangeably, the two words embody very different legal concepts. 'Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.'" State v. Ndina, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612 (quoting United States v. Olano, 507 U.S. 725, 733 (1993)).

¶14 Whether a right is forfeited or waived depends, in part, on the state of mind of the non-objecting party. Forfeiture has been consistently understood as failing to claim a right at trial or the simple failure to object. Ndina, 315 Wis. 2d 653, ¶30. Non-actions may result in forfeiture of the right on appellate review. Id. There is no subjective component to the forfeiture analysis; it occurs by operation of law. See State v. Kelty, 2006 WI 101, ¶18 n.11, 294 Wis. 2d 62, 716 N.W.2d 886 (citing Peter Westen, Away from Waiver: A Rationale for the Forfeiture of Constitutional Rights in Criminal Procedure, 75 Mich. L. Rev. 1214, 1214 (1975) (explaining that forfeiture "occurs by operation of law without regard to the defendant's state of mind")).

7

¶15 Conversely, because waiver is the intentional relinquishment of a known right, see Ndina, 315 Wis. 2d 653, ¶29, there is a subjective component to determine whether the failure to assert the right was done knowingly. The determination of whether there has been a knowing waiver depends, in each case, "upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson v. Zerbst, 304 U.S. 458, 464 (1938). Therefore, as the court of appeals correctly determined,[6] because this case involves the potential failure to object, it implicates issues of forfeiture rather than waiver.

¶16 As part of the adversarial system, forfeiture historically has been applied to aspects of the arbitration process in Wisconsin. For example, in 1876, we determined that a party's argument regarding an arbitrator's possible bias had not been preserved and that "by accepting him as an arbitrator, [the party had] waived[7] any right to object to him for that reason." Kane v. City of Fond du Lac, 40 Wis. 495, 501 (1876); see also Borst v. Allstate Ins. Co., 2006 WI 70, ¶36, 291 Wis. 2d 361, 717 N.W.2d 42 ("A failure to initially object to the selection of an arbitrator, based on the information disclosed prior to the arbitration, may act as a forfeiture of any subsequent post-arbitration challenge

---

[6] See id, ¶21 n.5.

[7] Because this case involved a litigant's failure to raise an issue as the reason for its non-preservation, it should properly be understood to constitute forfeiture rather than waiver. See State v. Ndina, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612.

8

[based] on the disclosed information."). Furthermore, in a challenge to the scope of an arbitrator's authority, Wisconsin courts have held that "a party cannot complain to the courts that the arbitrator acted outside the scope of his or her authority if the objection was not first raised before the arbitrator." De Pue v. Mastermold, Inc., 161 Wis. 2d 697, 705, 468 N.W.2d 750 (Ct. App. 1991).

¶17 Wisconsin's usage of forfeiture in the arbitration context is consistent with the majority of other jurisdictions around the country. See, e.g., Howard Univ. v. Metro. Campus Police Officer's Union, 512 F.3d 716, 720 (D.C. Cir. 2008) ("[A] party that does not object to the arbitrator's jurisdiction during the arbitration may not later do so in court."); Cummings v. Future Nissan, 27 Cal. Rptr. 3d 10, 14-16 (Cal. Ct. App. 2005), as modified (Apr. 8, 2005) ("[A] party who knowingly participates in the arbitration process without disclosing a ground for declaring it invalid is properly cast into the outer darkness of forfeiture.").

¶18 Specifically, in terms of "when" during an arbitration an objection must be made in order to preserve it, many jurisdictions, including Wisconsin, agree that a proper time to raise an objection is before the arbitration award is issued. See City of Manitowoc v. Manitowoc Police Dep't, 70 Wis. 2d 1006, 1021, 236 N.W.2d 231 (1975) ("A party cannot attack procedural irregularities after an award when he was aware of them earlier but remained silent until an unfavorable outcome."); see also Ahluwalia v. QFA Royalties, LLC, 226 P.3d 1093, 1098 (Colo. App.

9

2009) ("If a party willingly allows an issue to be submitted to arbitration, it cannot await the outcome and later argue that the arbitrator lacked authority to decide the matter."); AAOT Foreign Econ. Ass'n (VO) Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 139 F.3d 980, 982 (2d Cir. 1998) ("The settled law of this circuit precludes attacks on the qualifications of arbitrators on grounds previously known but not raised until after an award has been rendered.").

¶19 Here, the court of appeals determined that, because the homeowners did not raise their objections regarding the arbitrator's sleeping during the evidentiary hearing, they forfeited any objection to his sleeping. Loren Imhoff Homebuilder, Inc., 395 Wis. 2d 178, ¶35. However, unlike a judicial evidentiary hearing, where case law directs a general rule that failure to contemporaneously object to an issue may result in forfeiture of the argument on appeal, this arbitration hearing had no such rule. An arbitration hearing is subject to the conditions or rules of arbitration chosen by the parties. Arbitration often is selected in order to escape the formalities inherent in a judicial process. Arbitration's chief concern is that the arbitration contract be followed, unless "such grounds as exist at law or in equity for the revocation of any contract" are present. Wis. Stat. § 788.01; Grenig & Fishbach, supra, § 86:45.

¶20 In discerning whether the objection took place during the hearing or after the hearing, the court of appeals failed to consider the following: neither party had prior notice of the issue now in dispute, i.e., the arbitrator's sleeping, and an

10

arbitration is not concluded until the arbitral award is issued. City of Manitowoc, 70 Wis. 2d at 1021.

¶21 The arbitral award is the arbitrator's decision on the merits of the disputes that were subjected to arbitration. Therefore, as long as an objection to a new issue is raised before the merits are decided, the policy goals underlying forfeiture are protected and the fairness of the proceeding is preserved. Before the award is issued, the arbitrator can reopen testimony to hear or rehear testimony and to correct any perceived errors without resorting to the appeals process. Furthermore, by raising an issue to the arbitrator, the danger of "sandbagging" the process and claiming the unraised issues as a grounds for reversal is mitigated.

¶22 Here, the homeowners raised their objection to the arbitrator's sleeping to him before he issued the arbitral award. Even though it was after the evidentiary hearing was completed, there remained the opportunity for the arbitrator to make corrections for his sleeping during the evidentiary hearing. However, he failed to do so. Therefore, because the homeowners raised their objection before the issuance of the arbitral award, we conclude that the issue was not forfeited and was preserved for review by the circuit court.

¶23 The homeowners also sought review of whether the arbitrator's sleeping merited vacatur of the arbitral award under Wis. Stat. § 788.10. However, we are evenly divided on whether the award should be vacated pursuant to § 788.10. Accordingly, because the court of appeals did not reach this question in its

11

previous opinion,[8] we remand this matter to the court of appeals for consideration of § 788.10 issues.

### III.   CONCLUSION

¶24  We conclude that, because the homeowners objected to the arbitrator's sleeping before he issued the arbitral award, they did not forfeit their objection.  However, we are evenly divided on whether the arbitral award should be vacated pursuant to Wis. Stat. § 788.10.  Therefore, we reverse the decision of the court of appeals and remand the matter to the court of appeals for consideration of § 788.10 issues.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the court of appeals for further consideration.

¶25  JILL J. KAROFSKY, J., did not participate.

---

[8] <u>Loren Imhoff Homebuilder, Inc.</u>, 395 Wis. 2d 178, ¶15.