# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:  2021AP972

Complete Title of Case:

WAL-MART REAL ESTATE BUSINESS TRUST,

PLAINTIFF-APPELLANT,

V.

CITY OF MERRILL,

DEFENDANT-RESPONDENT.

| | |
|---|---|
| Opinion Filed: | February 14, 2023 |
| Submitted on Briefs: | January 11, 2022 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Gill, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Christopher L. Strohbehn* and *Russell J. Karnes* of *Gimbel, Reilly, Guerin & Brown LLP*, Milwaukee. |
| Respondent ATTORNEYS: | On behalf of the defendant-respondent, the cause was submitted on the brief of *H. Stanley Riffle* and *Luke A. Martell* of *Municipal Law & Litigation Group, S.C.*, Waukesha. |

COURT OF APPEALS
DECISION
DATED AND FILED

February 14, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP972**

STATE OF WISCONSIN

Cir. Ct. No. 2020CV95

IN COURT OF APPEALS

WAL-MART REAL ESTATE BUSINESS TRUST,

PLAINTIFF-APPELLANT,

V.

CITY OF MERRILL,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Lincoln County: ROBERT R. RUSSELL, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

¶1 HRUZ, J. Wal-Mart Real Estate Business Trust appeals an order dismissing its claims for excessive tax assessment, non-uniform tax assessment, and declaratory judgment against the City of Merrill. The circuit court concluded that Wal-Mart's claims could not proceed because Wal-Mart had failed to comply with

its obligation under WIS. STAT. § 70.47(7)(a) (2021-22),[1] to "present evidence and or sworn testimony" at a hearing held by the City's board of review ("the Board").

¶2 On appeal, Wal-Mart argues that the circuit court erred by dismissing Wal-Mart's claims. In doing so, Wal-Mart argues that in order to comply with WIS. STAT. § 70.47(7)(a), a taxpayer need only file an objection with the taxpayer's opinion about the property's value. In the context of a motion to dismiss, Wal-Mart insists that its complaint alleged compliance with § 70.47(7)(a) because Wal-Mart alleged that it filed a written objection with the Board and that the Board issued a notice of decision. Wal-Mart asserts that those allegations create reasonable inferences that a hearing was held and that Wal-Mart presented evidence to the Board. In the alternative, Wal-Mart argues that the City waived any argument regarding Wal-Mart's lack of compliance under § 70.47(7)(a), primarily because the Board held a hearing and issued a notice of decision. Wal-Mart also argues that it was denied due process because the Board failed to timely notify Wal-Mart that the hearing would not be waived and that Wal-Mart would not be permitted to appear by telephone.

¶3 We reject each of Wal-Mart's arguments. Unless a board of review waives the hearing provided under WIS. STAT. § 70.47(8), § 70.47(7)(a) requires a taxpayer to affirmatively present evidence under oath in support of its objection, either by appearing in person at the hearing or, if permitted by the board of review, by appearing via telephone or submitting written statements. Because Wal-Mart did not allege facts suggesting that it presented any evidence to the Board (either in person or—with the Board's approval—by telephone or written statements) or that

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

the Board waived the hearing, we conclude that Wal-Mart's complaint did not allege compliance with § 70.47(7)(a). We also conclude that the City did not waive an argument regarding Wal-Mart's lack of compliance under § 70.47(7)(a), nor was Wal-Mart denied due process. Wal-Mart knew of the hearing and failed to appear, despite never affirmatively receiving permission not to appear. Accordingly, Wal-Mart's claims were properly dismissed, and we therefore affirm.

## BACKGROUND

¶4 The following facts are alleged in Wal-Mart's complaint. Wal-Mart is a tenant of real property ("the Property") "located … within the City [of Merrill]." Wal-Mart "is responsible for the payment of property taxes, as well as for the prosecution of property tax disputes involving the Property." A tax dispute arose between Wal-Mart and the City after "the City Assessor's office" determined that the Property was worth $9,956,700 for purposes of the 2019 tax year. Wal-Mart disagreed with this assessment, believing the Property was worth "no more than $5,138,500."

¶5 Wal-Mart subsequently "filed an objection … with the [Board]." The Board, however, determined the Property was correctly assessed and worth $9,956,700. The Board issued a notice of decision in May of 2019, detailing its conclusion and explaining Wal-Mart's appeal options. Wal-Mart later filed an

excessive assessment claim with the City.[2]  The City took no action on that claim such that it was statutorily deemed denied after ninety days, which prompted Wal-Mart to commence this action in July of 2020.

¶6      The City later filed a motion to dismiss Wal-Mart's complaint, arguing that Wal-Mart had failed to allege that it presented evidence to the Board. The City argued that such an allegation was required under WIS. STAT. § 70.47 because presenting evidence to the Board is a statutory condition precedent to filing a complaint.

¶7      In response, one of Wal-Mart's attorneys filed an affidavit explaining that he had made a prehearing request to waive the Board's hearing or, in the alternative, to allow Wal-Mart to appear at the hearing by telephone.  The affidavit further explained that, based on the city attorney's representations, Wal-Mart's attorney "understood" that if the Board "declined to waive the matter … and required a personal appearance, that the matter would be adjourned so that an appearance by [Wal-Mart] could be made in person."  Attached to the affidavit was an email to the city attorney, in which Wal-Mart's attorney stated in relevant part:  "I know there is a [Board] hearing tomorrow and based on our discussion if the [Board] declines to waive the matter and requires our personal appearance[,] I would request they adjourn it so we could plan our appearance."

---

[2] Wal-Mart's complaint attached copies of both the Board's notice of decision and Wal-Mart's claim of excessive assessment as "Exhibit[s] 1" and "2," respectively.  There are, however, multiple discrepancies between the allegations in the complaint and the facts set forth in the attached exhibits.  First, the property address listed on both exhibits is different from the property address alleged in the complaint.  Second, Wal-Mart's complaint alleges that Wal-Mart is a "tenant" of the Property, but Exhibit 2 alleged that Wal-Mart is the "owner" of the Property.  Third, although Wal-Mart's complaint alleges that Wal-Mart served an excessive assessment claim on "January 23, 2019," Exhibit 2 is dated January 22, 2020.  The parties do not address or attempt to explain these discrepancies in their briefing.  However, we do not believe these discrepancies are directly relevant to the issues raised in this appeal; therefore, we will not address them further.

¶8 Based on Wal-Mart's attorney's affidavit, Wal-Mart argued that it had satisfied the statutory conditions precedent in WIS. STAT. § 70.47 by filing a written objection and by making "a good faith effort to present evidence." Wal-Mart further argued that § 70.47 does not require a personal appearance before the Board. In the alternative, Wal-Mart argued that the Board had either waived any argument that Wal-Mart failed to comply with § 70.47 or violated Wal-Mart's right to due process.

¶9 In an oral ruling, the circuit court granted the City's motion to dismiss Wal-Mart's complaint, concluding that Wal-Mart had not satisfied the requirements under WIS. STAT. § 70.47 because Wal-Mart did not present evidence to the Board. In doing so, the court recognized that the city attorney had not agreed that the Board's hearing would be adjourned if the Board denied Wal-Mart's prehearing requests. The court also rejected Wal-Mart's waiver and due process arguments.

¶10 Wal-Mart now appeals. Additional facts will be provided as necessary below.

## DISCUSSION

### I. Failure to state a claim upon which relief can be granted

¶11 Wal-Mart renews its earlier argument that the allegations in its complaint were sufficient to allege compliance with WIS. STAT. § 70.47(7)(a) and to state a claim upon which relief could be granted. Whether a complaint states a claim upon which relief can be granted is a question of law that we review de novo. *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693.

¶12 When reviewing a motion to dismiss, "we construe the pleadings liberally and accept as true both the facts contained in the complaint and any

5

reasonable inferences arising from those facts." ***Doe 56 v. Mayo Clinic Health Sys. - Eau Claire Clinic, Inc.***, 2016 WI 48, ¶14, 369 Wis. 2d 351, 880 N.W.2d 681. We cannot, however, "add facts in the process of construing a complaint," and we need not accept as true any legal conclusions stated in the complaint. ***Data Key Partners***, 356 Wis. 2d 665, ¶19. "[T]he sufficiency of a complaint depends on substantive law that underlies the claim made because it is the substantive law that drives what facts must be pled." ***Cattau v. National Ins. Servs. of Wis., Inc.***, 2019 WI 46, ¶6, 386 Wis. 2d 515, 926 N.W.2d 756 (alteration in original; citation omitted). If there are no conditions under which the plaintiff can recover, the complaint must be dismissed as legally insufficient. ***Kaloti Enters. v. Kellogg Sales Co.***, 2005 WI 111, ¶11, 283 Wis. 2d 555, 699 N.W.2d 205.

¶13 In resolving Wal-Mart's arguments, we must interpret WIS. STAT. § 70.47, which presents a question of law that we review de novo. *See **Myers v. DNR***, 2019 WI 5, ¶18, 385 Wis. 2d 176, 922 N.W.2d 47. Statutory interpretation begins with the statute's language. ***Id.*** We give statutory language "its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. Where possible, we interpret statutory language "to give reasonable effect to every word, in order to avoid surplusage." ***Id.***, ¶46. We also interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." ***Id.***

¶14 "Chapter 70 of the Wisconsin Statutes establishes a comprehensive procedure by which property owners may challenge the valuation or the amount of property assessed for taxation." ***Hermann v. Town of Delavan***, 215 Wis. 2d 370,

379, 572 N.W.2d 855 (1998). Specifically, under WIS. STAT. § 70.47(7)(a), an aggrieved property owner "may file an objection to an assessment with the municipal board of review." *See State ex rel. Nudo Holdings, LLC v. Board of Rev.*, 2022 WI 17, ¶9, 401 Wis. 2d 27, 972 N.W.2d 544. Before a board of review may hear such an objection, however, an objector must first "provide[] to the board's clerk written or oral notice of an intent to file an objection" "at least 48 hours before the board's first scheduled meeting." Sec. 70.47(7)(a). The objection must then "be made in writing and filed with the clerk of the board of review within the first 2 hours of the board's first scheduled meeting." *Id.*

¶15 "The board [of review] may, at the request of the taxpayer or assessor, or at its own discretion, waive the hearing of an objection under [WIS. STAT. § 70.47(8)]." Sec. 70.47(8m). But, if the board does not waive the hearing, then it "shall hear upon oath all persons who appear before it in relation to the assessment." Sec. 70.47(8). Upon request, the board "may allow" a taxpayer "to appear before the board, under oath, by telephone or to submit written statements, under oath, to the board" "[i]nstead of appearing in person at the hearing." *Id.* The board "may" also, upon request, "postpone and reschedule a hearing." *Id.*

¶16 As relevant to this appeal,

> [n]o person shall be allowed in any action or proceedings to question the amount or valuation of property unless such written objection has been filed and such person *in good faith presented evidence* to such board in support of such objections and *made full disclosure before said board, under oath* of all of that person's property liable to assessment in such district and the value thereof.

WIS. STAT. § 70.47(7)(a) (emphasis added). This statutory language creates "an express condition precedent" to filing a civil action challenging the valuation at

which real property was assessed for purposes of taxation, regardless of "the theory upon which such action or proceeding is based … or the form of relief sought."[3] *Hermann*, 215 Wis. 2d at 382, 394; *see also* WIS. STAT. § 74.37(4)(a) ("No claim or action for an excessive assessment may be brought under this section unless the procedures for objecting to assessments under [§] 70.47, except under [§] 70.47(13), have been complied with."). Therefore, to properly state a claim challenging an assessment of real property, a taxpayer must allege compliance with § 70.47(7)(a) in the complaint. *Hermann*, 215 Wis. 2d at 387, 394 ("[W]hen there is a statutory condition precedent to an action challenging a property assessment, a complaint failing to allege compliance with such condition precedent must be dismissed for failure to state a claim upon which relief may be granted.").

¶17     Wal-Mart does not dispute that it was required to allege compliance with WIS. STAT. § 70.47(7)(a) in its complaint, nor does it contest that § 70.47(7)(a) contains multiple requirements, including the requirements that the objecting taxpayer "in good faith present[] evidence to such board in support of such objections and [make] full disclosure before said board, under oath of all of that person's property liable to assessment in such district and the value thereof." *See id.* Indeed, the language is plain in that regard. Instead, Wal-Mart argues that "§ 70.47(7)(a) should be interpreted to require no more than [a taxpayer] presenting

---

[3] Wal-Mart does not dispute that if it failed to allege compliance with WIS. STAT. § 70.47(7)(a), all of its claims must be dismissed.

its objection with its opinion of value in the absence of bad faith."⁴ Wal-Mart further contends in its reply brief that "the objection itself was evidence presented by [Wal-Mart] that the valuation is excessive."

¶18    We reject Wal-Mart's interpretation of WIS. STAT. § 70.47(7)(a) because § 70.47(7)(a) plainly requires a taxpayer to do more than file an objection with the taxpayer's opinion of the property's value.  In addition to the requirement that a taxpayer must file a "written objection" with the relevant board of review, § 70.47(7)(a) also requires that a taxpayer:  (1) "in good faith present[] evidence to such board in support of [the taxpayer's] objection[]"; and (2) "[make] full disclosure before said board, *under oath* of all of that person's property liable to assessment in such district and the value thereof."  *See id.* (emphasis added).  Our supreme court has recognized that these obligations under § 70.47(7)(a) are "significant because the assessor's valuation is presumptively correct." *Milewski v. Town of Dover*, 2017 WI 79, ¶26, 377 Wis. 2d 38, 899 N.W.2d 303 (citing § 70.47(8)(i)).

¶19    Although WIS. STAT. § 70.47(7)(a) does not expressly describe how these requirements can be satisfied, the surrounding statutory provisions in § 70.47 make clear the procedures required for a taxpayer to present evidence and disclose certain information to the board of review.  These statutory provisions compel the

---

⁴ Wal-Mart also argues that the requirements in WIS. STAT. § 70.47(7)(a) to "in good faith present[] evidence" and "[make] full disclosure" to a board of review are ambiguous because those phrases are not expressly defined by § 70.47.  We reject this argument.  Statutory language is not ambiguous simply because it contains undefined terms or phrases. *See County of Dane v. LIRC*, 2009 WI 9, ¶23, 315 Wis. 2d 293, 759 N.W.2d 571 ("[W]ords that are not defined in a statute are to be given their ordinary meanings." (alteration in original; citation omitted)).  "Rather, a statute is ambiguous if reasonable people can understand it in more than one way." *Preston v. Meriter Hosp., Inc.*, 2005 WI 122, ¶20, 284 Wis. 2d 264, 700 N.W.2d 158.  For reasons we will explain further, Wal-Mart's interpretation of § 70.47(7)(a) is unreasonable, especially in the context of surrounding statutes, and we therefore conclude that § 70.47(7)(a)'s requirements are not ambiguous in the context of this case.

inescapable conclusion that an in-person presentation before the board is required unless the board has otherwise affirmatively excused that requirement.

¶20   Specifically, WIS. STAT. § 70.47(8) establishes procedures for a hearing on a taxpayer's objection by the board of review.  It mandates that "[t]he board shall hear upon oath all persons who appear before it in relation to the assessment." *Id.*  Section 70.47(8) further provides that, "*[i]nstead of appearing in person at the hearing*, the board may allow" a taxpayer, upon request, "to appear before the board, under oath, by telephone or to submit written statements, under oath, to the board."  (Emphasis added.)  Thus, a taxpayer must generally appear at the hearing *in person* unless the board affirmatively allows the taxpayer to appear by telephone or to submit written statements.[5]  *See id.*  Regardless of whether the taxpayer appears in person or by telephone, or submits written statements, the taxpayer must appear or submit the statements "under oath."  *See id.*  Under § 70.47(8m), a board of review has discretion to waive the hearing on a taxpayer's objection, but no language in § 70.47(8m) requires the board to do so.

¶21   In addition to the requirement that a taxpayer either appear in person, by telephone, or submit written statements, WIS. STAT. § 70.47(8) also prescribes that the taxpayer and its witnesses "shall first be heard" at the hearing, *see* § 70.47(8)(b), and that the board of review "shall presume that the assessor's valuation is correct" unless the taxpayer rebuts the presumption by "a sufficient showing," *see* § 70.47(8)(i).  These provisions confirm what § 70.47(7)(a) already made clear:  the taxpayer carries the burden of proof when objecting to a valuation

---

[5] Under one limited exception, a board of review must allow "all ill or disabled persons" to testify by telephone.  WIS. STAT. § 70.47(8) ("The board shall hear upon oath, by telephone, all ill or disabled persons who present to the board a letter from a physician, physician assistant, or advanced practice nurse prescriber certified under [WIS. STAT. §] 441.16(2) that confirms their illness or disability.").  This exception is not at issue in this appeal.

of property. *See **Sausen v. Town of Black Creek Bd. of Rev.***, 2014 WI 9, ¶22, 352 Wis. 2d 576, 843 N.W.2d 39 (recognizing that § 70.47(7)(a) "plac[es] the burden of proof on the taxpayer to put on an affirmative case in his or her favor before the board").

¶22    When the above statutory provisions are read in conjunction with WIS. STAT. § 70.47(7)(a), there is only one reasonable interpretation of the language at issue in that statute.  Namely, a taxpayer must file a written objection with the relevant board of review, *and*—unless the board waives the hearing on the objection—the taxpayer must affirmatively present evidence under oath in support of the objection, either by appearing in person at the hearing or, if permitted by the board, by appearing via telephone or submitting written statements.  *See **Menard, Inc. v. City of Hudson***, No. 2020AP2005, unpublished slip op. ¶24 (WI App Dec. 7, 2021).[6]

¶23    Wal-Mart's interpretation of WIS. STAT. § 70.47(7)(a) would produce an absurd result and would render a large portion of the language in § 70.47(7)(a) superfluous.  It would allow a taxpayer to avoid a hearing before a board of review even if the board denied the taxpayer's requests to waive the hearing. Section 70.47(8m) unambiguously grants the board—not the taxpayer—discretion to waive a hearing on the taxpayer's objection.  It would therefore be absurd to

---

[6] An unpublished opinion that is authored by a member of three-judge panel and issued on or after July 1, 2009, may be cited for its persuasive value.  WIS. STAT. RULE 809.23(3)(b).

We recognize that our decision in ***Menard, Inc. v. City of Hudson***, No. 2020AP2005, unpublished slip op. (WI App Dec. 7, 2021), was issued a few weeks after the parties completed their briefing in this appeal.  We also note that neither party addressed ***Menard***—which was authored, albeit unpublished—via a submission of supplemental authority under WIS. STAT. RULE 809.19(10); they were not obligated to do so, of course.  Still, we note that our conclusions in this appeal are entirely consistent with our decision in ***Menard***.  *See **Menard***, No. 2020AP2005, ¶¶22-24.

conclude that a taxpayer could satisfy the requirements of § 70.47(7)(a) by simply filing a written objection with the taxpayer's opinion about the value of the property. If the legislature had intended for a written objection to be sufficient in all cases, the legislature could have simply omitted the statutory language requiring a taxpayer to "in good faith present[] evidence" and "[make] full disclosure" of certain information to a board of review. *See id.* The legislature, however, chose to include that additional language, and we therefore "give reasonable effect" to those words, "in order to avoid surplusage." *See* **Kalal**, 271 Wis. 2d 633, ¶46.

¶24    Much of Wal-Mart's argument in support of its interpretation focuses on the discretion a board of review may exercise when considering evidence. Specifically, Wal-Mart points out that WIS. STAT. § 70.47(8) permits a board of review to consider evidence presented by telephone or by written statement. Wal-Mart also stresses that a board of review is not required to, but "may," examine under oath such persons as it believes have knowledge of the value of a taxpayer's property. *See* § 70.47(8)(c).

¶25    Wal-Mart's reliance on a board of review's discretion to consider certain evidence is a nonstarter. A board of review's ability to waive a hearing, to allow an appearance by telephone, or to allow the submission of written statements, does not obviate every taxpayer's additional obligations under WIS. STAT. § 70.47(7)(a) to "in good faith present[] evidence" and to "[make] full disclosure" of certain information to the board. Rather, a taxpayer's obligations under § 70.47(7)(a) are tied to, and guided by, how the board exercises its discretion under § 70.47(8) and (8m). Therefore, if a board of review denies requests to waive the hearing, to appear by telephone, or to submit written statements, the taxpayer must appear at the hearing in person and present evidence under oath in support of the

objection in order to satisfy the taxpayer's obligation under § 70.47(7)(a) to "in good faith present[] evidence."

¶26    In sum, Wal-Mart's interpretation of WIS. STAT. § 70.47(7)(a) is incorrect and unreasonable.  Unless a board of review waives the hearing under § 70.47(8m), a taxpayer must do more than simply file a written objection with its opinion about the property's value.  The taxpayer must—in accordance with the procedures in § 70.47(8) and the board's discretionary decisions—"in good faith present[] evidence" and "[make] full disclosure" of certain information to the board.  *See* § 70.47(7)(a).

¶27    With the proper interpretation of WIS. STAT. § 70.47(7)(a) in mind, we next consider whether Wal-Mart's complaint properly alleged compliance with Wal-Mart's obligation under § 70.47(7)(a) to "in good faith present[] evidence" to the Board.  Wal-Mart contends that its "complaint provides a sufficient basis to maintain its action seeking to challenge the assessment of the Property."  In particular, Wal-Mart argues that the allegations in the complaint create a reasonable inference "that [it] presented evidence of value and that a hearing was held because the [Board] issued a notice of its decision pursuant to WIS. STAT. § 70.47(12)."

¶28    We disagree.  Wal-Mart's allegation that the Board issued a notice of decision under WIS. STAT. § 70.47(12) does not create a reasonable inference that Wal-Mart presented any evidence to the Board in the manner required by statute.  Section 70.47(12) provides that "[p]rior to final adjournment, the board of review *shall* provide the objector … notice … of the amount of the assessment as finalized by the board and an explanation of appeal rights and procedures under sub. (13) and [WIS. STAT. §§] 70.85, 74.35 and 74.37."  (Emphasis added.)  Based on its plain language, § 70.47(12) requires a board of review—without exception—to provide

13

the objector with notice of the finalized assessment amount. *See **State v. Cox***, 2018 WI 67, ¶11, 382 Wis. 2d 338, 913 N.W.2d 780 ("The general rule is that the word 'shall' is presumed mandatory when it appears in a statute." (citation omitted)). The statute therefore mandates that a notice of decision be issued regardless of whether the objector appeared at the hearing or "in good faith presented evidence" to the board. *See* § 70.47(7)(a), (12).

¶29    The notice of decision in this case, which was attached to Wal-Mart's complaint, explicitly referenced WIS. STAT. § 70.47(12), and it did not contain any indication that Wal-Mart might have appeared before the Board or "presented" evidence to the Board. In fact, the final assessment was identical to the original assessment. Thus, under the circumstances of this case, the fact that the Board issued a notice of decision pursuant to § 70.47(12) does not, by itself, create a reasonable inference that Wal-Mart presented evidence to the Board.

¶30    We conclude that Wal-Mart's complaint did not sufficiently allege compliance with the requirements in WIS. STAT. § 70.47(7)(a). Specifically, it did not allege or contain any facts that suggest that Wal-Mart "in good faith presented evidence" to the Board in support of its objection. *See **id**.* The complaint also failed to allege that the Board waived the hearing, that Wal-Mart appeared at the hearing in person or by telephone, or that Wal-Mart submitted written statements under oath (much less with approval to do either of the latter two actions). Because Wal-Mart's complaint failed to allege compliance with § 70.47(7)(a), the circuit court properly

dismissed Wal-Mart's complaint for failing to state a claim upon which relief could be granted.[7]  *See **Hermann***, 215 Wis. 2d at 394.

## II.  The City's alleged waiver of its statutory noncompliance argument

¶31     Wal-Mart next argues that the City waived its argument that Wal-Mart did not comply with WIS. STAT. § 70.47(7)(a) because the Board held the scheduled hearing despite Wal-Mart's absence, relied on the presumption of correctness, and issued a notice of decision, which contained language explaining Wal-Mart's appeal options.[8]  Wal-Mart further contends, for the first time in its reply brief, that this case is similar to *Fee v. **Board of Review***, 2003 WI App 17, 259 Wis. 2d 868, 657 N.W.2d 112 (2002).

¶32     Prior to Wal-Mart's reply brief, Wal-Mart's waiver argument was largely undeveloped and unsupported by legal authority.  Although Wal-Mart

---

[7] Wal-Mart also argues that to the extent the circuit court considered evidence outside of the complaint, summary judgment was not appropriate on Wal-Mart's claims because there were genuine issues of material fact and because WIS. STAT. § 70.47 does not require a personal appearance.  We need not address this argument, however, because we conclude that Wal-Mart's complaint failed to allege compliance with § 70.47(7)(a) on its face.  *See **Turner v. Taylor***, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (court of appeals need not address all issues raised by the parties if one is dispositive).

We do note, however, that Wal-Mart's written objection (which was attached to the affidavit filed by one of Wal-Mart's attorneys) was not made under oath.  This fact further supports our conclusion that Wal-Mart's written objection did not satisfy all of WIS. STAT. § 70.47(7)(a)'s requirements.  Even when the board permits a party to submit written statements in lieu of appearing at the hearing in person or appearing by telephone, those written statements must be "under oath."  *See* § 70.47(8).

[8] Wal-Mart also asserts that "the City is … equitably estopped from asserting that a personal appearance was required" because the Board issued a decision on Wal-Mart's objection.  Other than this single conclusory statement, which is not supported by any legal authority, Wal-Mart does not develop an equitable estoppel argument.  Accordingly, we will not consider that argument further.  *See **State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (court of appeals need not consider arguments that are undeveloped and unsupported by legal authority).

referenced several statutory provisions for helpful background regarding the Board's actions, Wal-Mart did not identify any legal authority related to a party's waiver of an argument. We need not consider arguments that are undeveloped and unsupported by citations to legal authority. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). We may also refuse to consider arguments raised for the first time in a reply brief. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998). Nonetheless, we will address the merits of Wal-Mart's contention that the City waived its statutory noncompliance argument because the record clearly demonstrates that no such waiver occurred.

¶33 Following the approach employed by the parties, we will consider the affidavits submitted by the parties and resolve Wal-Mart's waiver argument by employing our summary judgment methodology. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). "We review summary judgment submissions in the light most favorable to the nonmoving party." *Sands v. Menard*, 2017 WI 110, ¶28, 379 Wis. 2d 1, 904 N.W.2d 789.

¶34 "[W]aiver is the intentional relinquishment or abandonment of a known right." *Loren Imhoff Homebuilder, Inc. v. Taylor*, 2022 WI 12, ¶13, 400 Wis. 2d 611, 970 N.W.2d 831 (citation omitted). The purpose of the "waiver rule" is to cultivate timely objections and to promote both efficiency and fairness. *State v. Erickson*, 227 Wis. 2d 758, 766, 596 N.W.2d 749 (1999).

¶35 Here, the City did not intentionally relinquish or abandon any argument that Wal-Mart failed to comply with WIS. STAT. § 70.47(7)(a). To the contrary, the undisputed facts show that the Board expressly denied Wal-Mart's request under § 70.47(8m) to waive the hearing on Wal-Mart's objection. This action alone demonstrates the Board's intent to hold Wal-Mart to its burden of proof and to uphold the statutory process of appealing an assessment to the Board before seeking judicial review. In fact, when discussing Wal-Mart's request to waive the hearing, one board member stated, "[I]f you are going to do this,"—i.e., seek review of a tax assessment—"you need to follow the proper procedures and coming to this [B]oard is the first step."

¶36 Further, none of the Board's actions—i.e., holding the hearing, relying on the presumption of correctness, or issuing a notice of decision—waived the City's right to argue that Wal-Mart did not "in good faith present[] evidence" to the Board. *See* WIS. STAT. § 70.47(7)(a). Indeed, it is undisputed that Wal-Mart was entitled to a hearing and that the Board denied Wal-Mart's requests to waive the hearing. Furthermore, Wal-Mart ignores that the Board was required "to presume that the assessor's valuation [was] correct" at the hearing, *see* § 70.47(8)(i), and, prior to final adjournment, issue a notice detailing "the amount of the assessment as finalized by the board and an explanation of appeal rights," *see* § 70.47(12). Thus, the Board's actions simply appear to comport with the procedures set forth in § 70.47.

¶37 Wal-Mart's reliance on *Fee* to support its waiver argument is also misplaced, as well as being tardily raised first in its reply brief. In *Fee*, we concluded that a municipal board of review had waived its right under WIS. STAT. § 70.47(7)(a) and *State ex rel. Reiss v. Board of Review*, 29 Wis. 2d 246, 138 N.W.2d 278 (1965), "to insist that the [objection] form be completed." *Fee*, 259

17

Wis. 2d 868, ¶¶8-9. In doing so, we recognized that the municipality's assessor had originally argued that the taxpayers were not entitled to a hearing due to the incomplete objection form, but "the record [did] not reveal the board accepted the assessor's argument." *Id.*, ¶9. Instead, the board held the hearing despite the assessor's argument, and it issued a notice of decision pursuant to § 70.47(12). *Fee*, 259 Wis. 2d 868, ¶¶9-10.

¶38 Unlike *Fee*, where the taxpayers would not have been entitled to a hearing in the first instance if their written objection failed to comply with WIS. STAT. § 70.47(7)(a), Wal-Mart properly filed its written objection and was therefore entitled to a hearing. Thus, *Fee* does not control the outcome of a case, like this one, where a board of review holds a hearing and issues a notice of decision on a properly filed objection.

¶39 In short, by holding a hearing and issuing a notice of decision on Wal-Mart's objection, the Board did not waive the City's right to argue that Wal-Mart had not "in good faith presented evidence" to the Board in compliance with WIS. STAT. § 70.47(7)(a).[9]

## III. Due process

¶40 Finally, Wal-Mart argues that the Board violated Wal-Mart's constitutional right to procedural due process by not timely notifying Wal-Mart that the Board denied Wal-Mart's requests to waive the hearing or to appear by

---

[9] To the extent Wal-Mart intended to argue forfeiture instead of waiver, *see Loren Imhoff Homebuilder, Inc. v. Taylor*, 2022 WI 12, ¶13, 400 Wis. 2d 611, 970 N.W.2d 831 ("[F]orfeiture is the failure to make the timely assertion of a right." (citation omitted)), it has not developed such an argument or identified any legal authority supporting forfeiture in circumstances, such as here, where the taxpayer properly filed an objection, the board denied the taxpayer's request to waive the hearing, and the board held a hearing on the objection. Thus, we will not address this issue further. *See Pettit*, 171 Wis. 2d at 646-47.

18

telephone. Wal-Mart contends that "it is axiomatic that notice of that decision must be provided to the taxpayer in time for them to make adequate arrangements to appear in person."

¶41 In order to satisfy the due process requirements of both the United States and Wisconsin Constitutions, a municipality imposing a tax "must provide [certain] procedural safeguards against unlawful exactions." *Milewski*, 377 Wis. 2d 38, ¶¶21-22 (citation omitted). These procedural safeguards are well-established: procedural due process requires "notice and an opportunity to be heard, or to defend or respond, in an orderly proceeding, adapted to the nature of the case in accord with established rules." *Id.*, ¶23 (citation omitted).

¶42 To resolve Wal-Mart's due process argument, we again follow the parties' approach of considering the affidavits and employing our summary judgment methodology. We conclude that no due process violation occurred in this case because Wal-Mart received both notice and an opportunity to be heard. As the circuit court recognized, "[t]here was a procedure here in place for [Wal-Mart] to be heard on the assessed value of the [P]roperty, [and Wal-Mart] did not take advantage of that remedy, they had an opportunity to appear at the hearing in person and they did not do that." Although a board of review may waive a hearing, allow a taxpayer to appear at a hearing by telephone, or allow a taxpayer to submit written statements under oath, neither WIS. STAT. § 70.47(8) nor (8m) requires the board to decide requests for such actions before beginning the hearing. Likewise, a board is not required to grant a property owner's request to postpone or reschedule a hearing under § 70.47(8).

¶43 Wal-Mart's attorney might have expected that the Board would, at a minimum, grant Wal-Mart's request to postpone the hearing, but the undisputed

19

facts show that the Board never agreed or promised to postpone the hearing. Nor could a fact finder, on this record, reasonably infer that the parties entered into such an agreement or that the Board made such a promise. The city attorney averred in his affidavit that he "did not make any agreement with [Wal-Mart's attorney] or a promise to waive [Wal-Mart's] appearance at the [Board] hearing on May 16, 2019."

¶44 Importantly, this assertion has not been disputed or contradicted. Although Wal-Mart points to the affidavit filed by one of its attorneys, that affidavit does not state or suggest that the Board agreed or promised to postpone the hearing. The affidavit states only that Wal-Mart's attorney "understood," based on the city attorney's representations, that the hearing would be adjourned if the Board denied Wal-Mart's requests to waive the hearing or to appear by telephone. Notably, there is no elaboration on why such an understanding would have been derived from any communications. Likewise, the email from Wal-Mart's attorney to the city attorney—which allegedly memorialized an understanding that the Board would adjourn the hearing—plainly shows that Wal-Mart knew the Board was holding a hearing and that Wal-Mart was "request[ing]" the hearing be postponed if the Board denied Wal-Mart's other requests. Thus, the email plainly demonstrates that the Board had never agreed or promised to postpone the hearing, nor was there a so-called "understanding" between Wal-Mart and the Board to adjourn the hearing if Wal-Mart's requests were denied.

¶45 Under these circumstances, Wal-Mart was not denied notice or an opportunity to be heard. Wal-Mart knew that the Board would be holding a hearing on Wal-Mart's objection, and Wal-Mart had an opportunity to appear at that hearing to present evidence in support of its objection. Wal-Mart did not take advantage of this opportunity to be heard. Instead, it relied on its own expectation that the Board

would either waive the hearing, allow Wal-Mart to appear by telephone, or adjourn the hearing to a later time. The record here is plain, however, that the Board neither promised nor agreed to take any of these actions, nor was it required to do so. Accordingly, Wal-Mart was not denied due process.

*By the Court.*—Order affirmed.