COURT OF APPEALS
DECISION
DATED AND FILED

November 12, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP1914**

Cir. Ct. No. 2021TP63

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

IN RE THE TERMINATION OF PARENTAL RIGHTS TO V.L.W., JR., A PERSON UNDER THE AGE OF 18:

KENOSHA COUNTY,

PETITIONER-RESPONDENT,

V.

V.L.W.,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Kenosha County: ANTHONY G. MILISAUSKAS, Judge. *Affirmed*.

¶1      GUNDRUM, J.[1]   V.L.W., hereinafter referred to by the pseudonym Victor, appeals from an order of the circuit court terminating his parental rights to his son, Vance.[2]   Victor contends the court erred at the evidentiary grounds hearing on the termination petition by excluding evidence from after August 31, 2021, and in so erring, denied him his substantive due process right to present a defense.  Victor also asserts the court incorrectly instructed the jury at that hearing to "consider the facts and circumstances as they existed on August 31, 2021."  For the following reasons, we affirm.

## *Background*

¶2      On October 31, 2019, Vance, then age two, lived with his mother, Nancy,[3] Victor, and his two siblings.   On that date, the Kenosha Police Department arrested Victor and Nancy for drug dealing, and the Kenosha County Department of Human Services (Department) took custody of Vance and his half-siblings.  The Department filed a petition alleging Vance was a child in need of protection or services (CHIPS), and on January 27, 2020, the circuit court found Vance to be in need of protection or services.  On June 3, 2020, the court entered a dispositional order placing Vance outside the home (in foster care).  Victor and Nancy remained incarcerated until October 2022, when they were released on extended supervision.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

[2] A pseudonym.

[3] A pseudonym.

¶3     On August 31, 2021, while Victor and Nancy were incarcerated, the Department filed a petition to terminate their parental rights to Vance, alleging Vance continued to be a child in need of protection or services. As relevant, Victor contested the petition, and the circuit court held a grounds hearing in May 2024 to determine if Vance continued to be in need of protection or services and thus, if that ground was established for terminating Victor's parental rights to Vance. The jury found that Vance continued to be a child in need of protection or services. The court subsequently held a dispositional hearing, concluded it was in the best interest of Vance to terminate Victor's parental rights, and terminated said rights. Victor appeals.

## *Discussion*

¶4     Victor makes three claims on appeal. First, relying on WIS. STAT. § 48.415(2)(a)3. and language used in the termination petition, he claims "it was error to exclude evidence after August 31, 2021, given that child was placed out of the home for less than 15 of the most recent 22 months." (Formatting modified.) Second, he relatedly claims that "by excluding evidence after August 31, 2021, [he] was denied his substantive due process right to put on a defense." (Formatting modified.)   Lastly, he claims "the [termination of parental rights (TPR)] order should be reversed because the jury was incorrectly instructed on the applicable law." (Formatting modified.)  Victor fails to get out of the gate on any of these claims.

¶5     Victor notes that the County acknowledged in the petition that at the time it was filed, Vance had been placed outside of Victor's home pursuant to the

CHIPS order for "less than 15 of the most recent 22 months."[4] From this, Victor, relying on WIS. STAT. § 48.415(2)(a)3., insists that in determining whether Vance was in need of protection or services, the jury should have been presented with and considered facts or events occurring after the date the Department filed the petition, August 31, 2021. As relevant, § 48.415(2)(a)3. provides that the County establishes that a child is in need of protection or services if

> the child has been placed outside the home for a cumulative total period of 6 months or longer pursuant to an order [adjudging the child to be in need of protection or services]; that the parent has failed to meet the conditions established for the safe return of the child to the home; and, *if the child has been placed outside the home for less than 15 of the most recent 22 months*, that there is a substantial likelihood that the parent will not meet these conditions as of the date on which the child will have been placed outside the home for 15 of the most recent 22 months ….

(Emphasis added.) Thus, *if* Vance "has been placed outside the home for less than 15 of the most recent 22 months," *then* the jury would be called on to consider the "substantial likelihood" question.

¶6 Here, however, counsel for all parties, including Victor, agreed at the hearing that Vance had been placed outside Victor's home for *more* than 15 of the most recent 22 months. All counsel also signed a stipulation which was read to the jury, detailing that Victor had been continuously incarcerated from October 31, 2019, through October 2022.

---

[4] The County points out that although "[t]he TPR petition was filed three days before [Vance] had been placed outside the parental home by disposition order for 15 of the most recent 22 months," by the time "[Victor] was personally served with a copy of the TPR petition on September 20, 2021 at Dodge Correctional Institution, the threshold '15 of 22 months' had been met." Moreover, in a May 2, 2022 response to the State's request for admissions, Victor admitted that, as of that date, Vance had been in continuous placement outside of the home for nearly two years.

¶7      Nevertheless, on appeal, Victor asserts in conclusory fashion that because the petition had been filed three days before Vance had reached the point of having been placed outside his home for 15 of the most recent 22 months, the "substantial likelihood" element applies here.  He additionally asserts, without citation to any supportive authority, that the 15-month clock started not on June 3, 2022, when the circuit court entered the dispositional order placing Vance outside the home, but on January 12, 2023, when the circuit court entered an "Order for Revision of Dispositional Order with Termination of Parental Rights Notice,"[5] which continued Vance's out of home placement.  As the appellant, Victor bears the burden of showing us how the circuit court erred.  *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381.  He does not satisfy this burden because he has failed to develop a legal argument in support of either of these assertions, "and we will not abandon our neutrality to develop arguments" for him.  *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82; *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("We may decline to review issues inadequately briefed."); *Associates Fin. Servs. Co. of Wis. v. Brown*, 2002 WI App 300, ¶4 n.3, 258 Wis. 2d 915, 656 N.W.2d 56 (declining to consider conclusory and undeveloped arguments).

---

[5] We note that this January 12, 2023 order, while included in Victor's appendix, is not a part of our record.  As his entire appeal relies on this order, we could deny it on this basis alone. *See United Rentals, Inc. v. City of Madison*, 2007 WI App 131, ¶1 n.2, 302 Wis. 2d 245, 733 N.W.2d 322 (stating that the appendix is not the record); *Choinsky v. Germantown Sch. Dist. Bd. of Educ.*, 2019 WI App 12, ¶34, 386 Wis. 2d 285, 926 N.W.2d 196 ("We will not consider arguments based on facts or documents that are unavailable or not referenced in the record."), *aff'd sub nom. Choinsky v. Employers Ins. Co. of Wausau*, 2020 WI 13, 390 Wis. 2d 209, 938 N.W.2d 548.

¶8　　Moreover, Victor has forfeited these assertions. We independently review whether Victor "has forfeited [his] right[s] to raise an issue on appeal." *Loren Imhoff Homebuilder, Inc. v. Taylor*, 2022 WI 12, ¶10, 400 Wis. 2d 611, 970 N.W.2d 831. We agree with the County that Victor did not raise any objection, including a constitutional one, in the circuit court that the time period Vance had been placed outside the home pursuant a CHIPS disposition order was less than 15 of the most recent 22 months.[6] Our supreme court has stated,

> [i]t is a fundamental principle of appellate review that issues must be preserved at the circuit court. Issues that are not preserved at the circuit court, even alleged constitutional errors, generally will not be considered on appeal.

*State v. Huebner*, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727. In other words, the party will have forfeited those issues. *See id.*, ¶11 n.2. "Application of th[is] forfeiture rule is appropriate in many instances to ensure that parties and circuit courts have 'notice and a fair opportunity to address issues and arguments, enabling courts to avoid or correct any errors with minimal disruption of the judicial process.'" *State v. D.E.C.*, 2025 WI App 9, ¶67, 415 Wis. 2d 161, 17 N.W.3d 67 (2024) (citation omitted). It "promotes both efficiency and fairness, and 'go[es] to the heart of the common law tradition and the adversary system.'" *Huebner*, 235 Wis. 2d 486, ¶11 (alteration in original; citation omitted). Our supreme court recognized that this rule accomplishes many objectives:

---

[6] In fact, at the hearing, counsel agreed that Vance had been placed outside Victor's home for more than 15 of the most recent 22 months and that it was appropriate for the jury to consider the facts and circumstances as they existed on the date the petition was filed.

Victor admits on appeal that counsel neither objected to any of the relevant matters he now complains about nor tried to admit post-August 31, 2021 evidence. He does not claim that counsel performed ineffectively.

> [r]aising issues at the [circuit] court level allows the [circuit] court to correct or avoid the alleged error in the first place, eliminating the need for appeal. It also gives both parties and the [circuit] judge notice of the issue and a fair opportunity to address the objection. Furthermore, the waiver rule encourages attorneys to diligently prepare for and conduct trials. Finally, the rule prevents attorneys from "sandbagging" errors, or failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal.

*Id.*, ¶12 (citations omitted). Because Victor did not raise any of the issues in the circuit court that he now raises (with insufficient development) on appeal, he has forfeited them, and we decline to address them.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

7